TATE, Judge.
This case is before us under our supervisory jurisdiction. Article VII, Section 29, Louisiana Constitution, LSA.
The sole question before this court is whether a trial judge may deny the issuance of an alternative writ of mandamus when he feels that the petition presented to him does not present a prima facie case for the peremptory writ. See LSA-C.C.P. Arts. 3861-3866.
The trial court was presented with a petition for a writ of mandamus based upon the failure of the defendant school board to take certain allegedly ministerial actions. Appended to the petition was an order for an alternative writ of mandamus to issue, by reason of which the school board was directed to perform these allegedly ministerial acts or to show cause to the contrary at a hearing to be set at a date fixed by the court.
The trial court refused to sign the order because in its opinion the petition did not state a prima facie case sufficient to justify issuance of the peremptory writ of mandamus. The trial court felt that therefore it was not required to order issuance of the alternative writ of mandamus which was prayed for merely as a preliminary step to obtain the peremptory writ sought by the petition.
This court issued a supervisory writ to review the action of the respondent judge in thus refusing to sign the order for the alternative writ presented to him.
By way of general background, mandamus is one of the extraordinary remedies provided by Title 3 of Book VII of our LSA-Code of Civil Procedure. The code articles relating to mandamus are found in Chapter 3 thereof, Articles 3861 through' 3866. Pertinently to the present action, *289 mandamus is a writ directing a public officer or body to perform a ministerial duty required by law. LSA-C.C.P. Arts. 3861, 3863.
After setting forth the grounds upon which a writ of mandamus may be obtained, the Code of Civil Procedure further provides :
“Art. 3865. Upon the filing of a petition for a writ of mandamus, the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary.
“Art. 3866. After the hearing, the court may render judgment making the writ peremptory.” (Italics ours.)
Article 3865 thus provides that the court “shall order the issuance of an alternative writ * * * [u]pon the filing of a petition for a writ of mandamus”. Article 5053 in the same code, in a section devoted to rules of construction, states flatly: “ * * * the word ‘shall’ is mandatory, and the word ‘may’ is permissive.”
In our opinion, therefore, the plaintiffs-relators correctly urge that, under the code provision, the trial court is under a mandatory duty to issue the writ of alternative mandamus, which is the nature of a rule to show cause why the peremptory writ of mandamus should not issue; it cannot refuse to do so on the ground that in its opinion the petition does not state a prima facie case sufficient to order the issuance of a peremptory writ of mandamus should the hearing be ordered.
We are reenforced in this view by the apparently deliberate change in wording reflected in Article 3865 of the 1960 Code, as compared with that found in the source statute which it replaced, Article 841 of the Code of Practice of 1870. The latter procedural provision reads: “The court to which the complaint is addressed, if it thinks there is grotmd for interposing its authority, shall issue * * * [the alternative writ] * * (Italics ours.)
In the former C.P. Art. 841, it was clearly discretionary with the court whether to issue the alternative writ; in LSA-C.C.P. Art. 3865, the present procedural regulation which replaced the former provision, the duty to issue the alternative writ is mandatory on the trial court upon its being presented with a petition seeking the mandamus remedy. The deliberate change of substance between the former procedural statute and the present Code of Civil Procedure article replacing it, is a significant indicia that change from the former procedure was intended. State ex rel. Clark v. Hillebrandt, 244 La. 742, 154 So.2d 384.
Some reliance is placed upon the Official Reporters Comment found under Article 3865 that it and the succeeding article “perpetuate the system under which an alternative order issues at the outset and the peremptory writ issues only after a hearing.” (Italics ours.) This, it is argued, suggests that no change is intended by the new Code of Civil Procedure article from the practice under the equivalent provision in the prior Code of Practice, under which the issuance of the alternative writ was discretionary with the trial court.
The new code indeed provides the same “system” of issuing a peremptory writ only after a hearing pursuant to the issuance of an alternative writ. However, the retaining of this “system” does not necessarily imply the retention of the repealed Code of Practice discretionary article, in the face of the present and replacing language placing a mandatory duty upon the trial court to issue the alternative writ. (The Reporter’s Comment refers to the retention of the alternative writ-peremptory writ procedure, as compared with the system obtaining in many jurisdictions that, after notice, the peremptory writ may be granted on the pleadings and without a hearing. See 55 C.J.S. Mandamus §§ 344, 346, pp. 608, 610.)
The attorneys for the respondent School Board further argue most forcefully that the trial judge still has the discretion to refuse to issue the alternative writ of *290 mandamus, because he is not required to do so unless what is filed with him is “a petition for a writ of mandanms”. It is argued that the trial judge has the right and the duty to determine whether the petition offered to him, on the basis of which he must issue an alternative writ, makes out at least a prima facie case for a writ of mandamus.
Cited in support of this position are certain decisions under the former Code of Practice article which was replaced, and a general statement to this effect found in a legal encyclopedia. 55 C.J.S. Mandamus § 314, p. 551. None of these authorities, however, is persuasive, in view of the apparently deliberate intention of those who drafted our new Code of Civil Procedure to place upon the trial court to which is presented a petition seeking a peremptory writ of mandamus, a mandatory duty to issue the alternative writ ordering a hearing to show cause why this peremptory writ should not issue
If the petition is defective in that it does not state a cause of action for the peremptory writ of mandamus, it can easily be dismissed upon an exception of no cause of action. Thus, the issuing of the alternative writ upon a petition which is not well pleaded as a mandamus action, does not change the substantive position of the parties, any more than does the filing of a petition under ordinary process which is not well pleaded; in either case, the party defendant may secure the dismissal of the suit on an exception of no cause of action.
We must also point out that, on the face of the pleadings, the plaintiffs may conceivably have alleged a prima facie case for mandamus, although we express no opinion as to this.
In essence, the plaintiffs’ petition seeks mandamus to compel the defendant school board to perform certain ministerial duties allegedly arising from resolutions duly adopted at its regular meeting of June 12th. The petition further alleges that a special meeting of August 2nd, at which the school board rescinded its June 12th action, was invalid because of certain irregularities.
Both the respondent trial court and the defendant school board, in suggesting that there is no ministerial duty arising by virtue of the June 12th meeting, rely upon resolutions adopted at a regular school board meeting of August 14th.
However, the regular meeting of August 14th (which sought to cure the alleged defects and irregularities of the special meeting of August 2nd) is a matter outside the pleadings, for no reference is made to it in the petition filed by the plaintiffs herein — although this meeting was apparently a matter of local public knowledge. (By certified copy annexed to a brief filed in this court, the defendant school board attempts to apprise this court of the board resolution of August 14th, but this court cannot consider evidence first filed upon appellate review, Board of Com’rs. for Atchafalaya Basin Levee District v. St. Landry Parish School Bd., 242 La. 285, 136 So.2d 44.)
Thus, so far as the petition presented to the trial court is concerned, the ministerial duty allegedly arising by virtue of the June 12th meeting was not rescinded by any later valid action of the board at the August 14th meeting. It is at least arguable, therefore, that, under the pleadings, the board was under a mandatory duty to put into effect the pupil placement action in question taken at the June 12th meeting, a final determination for at least certain purposes by virtue of statute, LSA-R.S. 17:108.
(We should note, however, that we express no opinion as to whether or not the action at the August 14th meeting, if properly' introduced either on the merits or on motion for summary judgment, does have the effect contended for by the school board; nor do we reach or pass upon the contention of the plaintiffs that the June 12th action is final and irrevocable by reason of LSA-R.S. 17:108.)
*291 In this court, the defendant school hoard has filed peremptory exceptions of no cause and right of action, addressed to the sufficiency of the petition for the writs of mandamus.
As we have stated, however, the sole issue before us is whether the trial court was under a mandatory duty to issue the writ of alternative mandamus. In view of what we have said above, these exceptions, addressed to the merits of the mandamus suit' itself, are not relevant to a determination of the narrow question before us. Exceptions or motions for summary judgment or other pleadings addressed to the merits should properly be disposed of in the trial court at a hearing to be held pursuant to or after issuance of the alternative writ.
For the foregoing reasons, the Honorable District Court herein is ordered to issue the alternative writ of mandamus prayed for by the plaintiffs in their petition for a writ of mandamus in their suit herein bearing Docket Number 22991 of said Court in the said District Court of Iberia Parish.
Order in accordance with opinion.