STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-28

RICHARD J. HEATH

VERSUS

CITY OF ALEXANDRIA, LOUISIANA

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,927
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

REVERSED.

Gregory R. Aymond
Attorney at Law
P. O. Box 5503
Alexandria, LA 71307-5503
(318) 445-3618
Counsel for Plaintiff/Appellant:
Richard J. Heath

**Lewis Olivier Lauve, Jr.**
**Bussey & Lauve**
**P. O. Box 307**
**Alexandria, LA 71309-0307**
**(318) 449-1937**
**Counsel for Defendant/Appellee:**
**City of Alexandria, Louisiana**

**SAUNDERS, Judge.**

**FACTS AND PROCEDURAL HISTORY:**

This appeal arises from a judgment of the Ninth Judicial District Court , which denied Richard J. Heath's (hereinafter "Heath") application for a writ of mandamus and petition for statutory penalties and attorney fees in connection with a public records request to the City of Alexandria (hereinafter "Alexandria").

On January 25, 2008, Heath made both oral and written requests to Alexandria for certain public records. Heath requested city council resolutions and any documents authorizing the city attorney to file suit on behalf of Alexandria. Heath also requested any records authorizing a city official to sign for pay types. Donna Jones (hereinafter "Jones"), the public records custodian for Alexandria, was unsure whether the records Heath sought were public records, because, at the top of Heath's request, he made reference to an ongoing lawsuit between himself and Alexandria. Jones referred Heath to Charles E. Johnson, Jr. (hereinafter "Johnson"), the Alexandria City Attorney. Johnson called Heath and recommended that Heath seek the requested documents through discovery, rather than through a public records request. Neither Jones nor Johnson ever provided Heath with a final determination, in writing, as to his right to inspect or copy the requested records.

Heath filed suit asserting his right to inspect the requested documents under the Public Records Act, La.R.S. 44:1-44, on March 14, 2008. After suit was filed, Johnson faxed two of the requested records to Heath's attorney, later testifying that he "thought that it was ridiculous for a lawsuit to be filed over a council resolution and a job description." Johnson acknowledged that these records, while sometimes copied and filed in relation to ongoing litigation, are also generally kept as part of Alexandria's public records.

In its reasons for judgment, the trial court did not address Alexandria's failure to timely allow Heath access to the requested records or the lack of a final written determination concerning Heath's right of access to the records. In its reasons for judgment, the trial court stated that, because Alexandria provided Heath with the requested records before trial, Heath "did not prevail in his action" and therefore was not entitled to attorney fees or penalties. Heath appeals, asserting three assignments of error.

**ASSIGNMENTS OF ERROR:**

1. Did the trial court err by not finding that the Plaintiff won his lawsuit by the Defendant, the City of Alexandria, not allowing him to have immediate access to the records requested instead of requiring him to make that request in writing?

2. Did the trial court err in not finding that Alexandria did not respond to in writing, through its Records Custodian, to Plaintiff's Public Records request?

3. Did Plaintiff prevail in this lawsuit by Alexandria responding to the lawsuit after it was filed, and must still pay penalties and attorney's fees?

**ASSIGNMENT OF ERROR #1:**

First, Heath asserts that Alexandria violated the Public Records Law by not immediately providing him with the records he requested. We agree.

Louisiana Revised Statutes 44:33(B) provides:

(1) If the public record applied for is immediately available, because of its not being in active use at the time of the application, the public record shall be immediately presented to the authorized person applying for it. If the public record applied for is not immediately available, because of its being in active use at the time of the application, the custodian shall promptly certify this in writing to the applicant, and in his certificate shall fix a day and hour within three days, exclusive of Saturdays, Sundays, and legal public holidays, for the exercise of the right granted by this Chapter.

(2) The fact that the public records are being audited shall in no case

2

be construed as a reason or justification for a refusal to allow inspection of the records except when the public records are in active use by the auditor.

Although Johnson testified at trial that, "[i]f there's litigation pending, [the records at issue]. . . would be kept in our risk management file," he also stated that there were "four places where that particular [requested document] would have - - could be found," including the city clerk's office. Therefore, because a copy of the requested records was immediately available and not in active use at the time of Heath's request, Jones failed to comply with La.R.S. 44:33(B) when she did not immediately present the records to Heath.

**ASSIGNMENT OF ERROR #2:**

Heath asserts that Alexandria violated the Public Records Act when it failed to timely and appropriately respond to his public records request, as required by La.R.S. 44:35. We agree.

Louisiana Revised Statutes 44:35(A) provides that:

Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs, and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

Neither Jones nor Johnson: (1) allowed Heath access to the requested records within five days of his request, exclusive of Saturdays, Sundays, and legal public holidays, or (2) provided Heath with a final determination in writing. Johnson's phone call to Heath, while considerate, does not comply with the clear language of the public records doctrine. Though Alexandria ultimately provided Heath with

3

copies of the requested records, it did so only after he instituted legal proceedings, roughly two months after his initial request. Thus, it is clear that Alexandria failed to comply with the requirements of La. R.S. 44:35(A), which then provides that Heath may "institute proceedings," as he has done in this case.

**ASSIGNMENT OF ERROR #3:**

Heath argues that the trial court erred in failing to award him attorney's fees and penalties as a result of Alexandria's failure to comply with the Public Records Act. We agree.

Louisiana Revised Statutes 44:35(D) states that:

If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.

The record indicates that over two months had passed before Alexandria finally produced copies of the records Heath had requested. This time period is clearly beyond the five-day period provided for in La. R.S. 44:35(A). Therefore, it would appear that Heath is entitled to be awarded reasonable attorney fees and other costs of litigation as provided for in La.R.S. 44:35(D). Alexandria contends, however, that Heath did not "prevail" in his suit, as required by La.R.S. 44:35(D), because Alexandria faxed the requested public records to Heath's attorney, thereby rendering these proceedings moot.

Were the court to accept this reasoning, it would allow public records custodians would be allowed to deny access to public records until suit has been filed and then, after a member of the public has incurred the costs of instituting proceedings, thereby unilaterally precluding the member of the public any possibility

4

of "prevailing" on his suit. This would hinder "[t]he right of the public to have access to the public records [, which] is a fundamental right, and is guaranteed by the constitution." *Title Research Corp. v. Rausch*, 450 So.2d 933, 936 (La.1984) (citing La. Const. art. 12, § 3). Our supreme court has stated that "whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right of access." *Landis v. Moreau*, 00-1157, p.4 (La.2/21/01), 779 So.2d 691, 694. The supreme court has also recognized the legislature's intent to provide the public with access to the public records in the least restrictive way possible. *Title Research Corp.*, 450 So.2d 933. "To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights." *Id.* at 936. Members of the public should not be forced to institute legal proceedings to obtain, at the very least, a final written determination regarding their right of access to the requested records, as provided by the Public Records Act. In this case, it was necessary for Heath to institute a proceeding in accordance with La. R.S. 44:35(A) to assert his rights, and his cause of action for an award under La. R.S. 44:35(D) arose when the statutory time delays lapsed. *Johnson v. City of Pineville*, 08-1234 (La.App. 3 Cir. 4/8/09), ___So.2d. ___.

Though we have found a violation of the Public Records Law in this instance, we note that Alexandria argued in good faith that it believed the records Heath requested were part of ongoing litigation and thus not subject to disclosure under the Public Records Act. At trial, Johnson stated,

> Mr. Aymond, I knew that there was a pending lawsuit between the city of Alexandria and Mr. Heath. I knew that the documents he was requesting were properly obtainable through discovery and not through a public records request. I explained that to him on the phone. I thought that I was being a courteous public servant by calling him personally and telling him that your lawyer can get these documents through

5

discovery. The discovery rules trump the public records law if there is a suit filed.[1] [Heath] didn't understand that because he is not a lawyer or for whatever reason. I object to his characterization that I was agitated. I deal with hundreds of requests like this all the time, sir.

Alexandria cites La.R.S. 44:4(15) in support of its position. Louisiana Revised Statutes 44:4 states:

This Chapter shall not apply:

(15) To any pending claims or pending claim files in the custody or control of the office of risk management, division of administration, or similar records in the custody of any municipality or parish; to any information concerning pending legal claims in the files of any attorney representing the state or any municipality in connection with the office of risk management, division of administration, or any office with similar responsibilities of any municipality or parish; or to any pending claims relating to loss reserves maintained or established by the office of risk management, division of administration, or any office with similar responsibilities of any municipality or parish, for any claims or for losses incurred but not reported; however, this Chapter shall be applicable to reserves as reported in the financial statement of the office of risk management, division of administration, or any municipality or parish. Nothing in this Paragraph shall be construed or interpreted in a manner as to prevent or inhibit in any manner the chairman and vice chairman of the Joint Legislative Committee on the Budget and the litigation subcommittee of the Joint Legislative Committee on the Budget from obtaining dollar amounts billed by and paid to contract attorneys and experts in defense of claims against the state that the chairman or vice chairman, or the subcommittee determines is necessary to perform functions and duties relative to the evaluation of performance or the determination of budget policy; however, no legislator or any committee of the legislature shall disclose any confidential information so obtained that would jeopardize or have a detrimental effect on the litigating position of the state.

---

[1] The rules of discovery do not appear to have any bearing on a member of the public's right of access under the Public Records Law. In *Bauer v. Maestri*, 96-112 (La.App. 5 Cir. 6/7/96), 676 So.2d 1096, Bauer, a parish employee who had five pending civil service appeals with Jefferson Parish, sought to compel production of various parish government documents. On appeal, Jefferson Parish argued that, because Bauer had originally sought the documents through discovery in connection with his ongoing lawsuit with the parish, the documents were exempt from disclosure under the Public Records Law. The fifth circuit rejected Jefferson Parish's argument stating, "such a denial of discovery would not be dispositive of Bauer's right to access under the Public Records Law." *Id.* at 1100.

However, La.R.S. 44:4(15) does not to apply for two reasons. First, we note that even if the records in question were found to be exempt from disclosure under the Public Records Law, Heath was entitled to receive a final written determination as to whether he had the right of access to the records within five days from his request, exclusive of Saturdays, Sundays, and legal holidays. La.R.S. 44:35(A). At trial, Heath's attorney asked Johnson whether he provided Heath with a written determination:

> Q. Alright. Did you at any time, any time, notify Mr. Heath in writing the reasons why he was not getting the documents he had requested in writing?
>
> A. No, I did not and I didn't have to because I knew there was a pending suit between the city and - -
>
> Q. Well, we're not - -
>
> A. - -Mr. Heath- -

Because Heath was never provided a final written determination regarding his right of access to the public records, the custodian of said records is in violation of the Public Records Law.

Second, it is clear that the records in question are not exempt from disclosure under La.R.S. 44:4(15). In adopting La.R.S. 44:4(15), the legislature was seeking to protect the work product of state, parish, and municipal attorneys.

> [In] the audio-taped proceedings of the Committee on House and Governmental Affairs conducted on May 27, 1987. . . Mr. Daryl Hunt, a representative of the Division of Administration, explained to the legislative committee members that two bills being introduced, including the one that would exempt 'pending claims or pending claim files'. . . from public access, were designed to 'provide [the office of risk

7

management, division of administration, or any office with similar responsibilities of any municipality or parish] the same rights that any lawyer building a case would have.'

*Times Picayune Publ'g Corp. v. Bd. of Supervisors of La. State Univ.*, 02-2551, pp. 9-10 (La.App. 1 Cir. 5/9/03), 845 So.2d 599, 607, *writ denied*, 03-1589 (La. 9/5/03), 852 So.2d 1044. We are of the opinion that it was not the intent of the legislature to provide an exception to the Public Records Law for the types of documents at issue here,[2] the public nature of which cannot be altered by placing the originals or copies thereof in the active litigation files of a city attorney.[3] Obviously "any lawyer" cannot exempt from disclosure a public record by placing a copy of that record in his litigation files while building a case. There appears to be no reason why a special exception should be made for public records contained in the litigation files of city attorneys or any of the other offices described by La.R.S. 44:4(15). Louisiana Revised Statutes 44:4(15) is designed to protect attorney work product and other materials created specifically for a particular claim. Had Alexandria been concerned about the possible release of nonpublic documents contained in Johnson's files, La.R.S. 44:32(B) provides that "the custodian may separate the nonpublic record and make the public record available for examination."

Accordingly, Heath is hereby awarded reasonable attorney fees in the amount of $2,500.00 and all court costs associated with this litigation, pursuant to La.R.S.

---

[2] Heath requested city council resolutions and job descriptions, along with any documents authorizing the city attorney to file suit on behalf of Alexandria and any records authorizing a city official to sign for pay types.

[3] It is well-settled that public records custodians "do not have authority to transfer custody of public records to another so as to insulate those records from public inspection." *Times-Picayune Publ'g. Co. v. Johnson*, 94-794, pp. 3-4 (La.App. 4 Cir. 10/3/94), 645 So.2d 1174,1176, *writ denied*, 95-83 (La. 3/17/95), 651 So.2d 260.

44:35(D). While La.R.S. 44:35(E)(1) provides for additional penalties where the custodian acted arbitrarily or capriciously, it does not appear from the record that such penalties are warranted in this case, given Alexandria's courteous treatment of Heath and its good faith belief in its interpretation of La.R.S. 44:4(15).

**CONCLUSION:**

For the foregoing reasons, we reverse the judgment of the trial court and award Heath court costs and attorney fees in the amount of $2,500.00.

**REVERSED.**