**LOUISIANA CAPITAL ASSISTANCE CENTER**

v.

**Bridget A. DINVAUT, in Her Official Capacity as District Attorney of the Fortieth Judicial District and Custodian of Public Records**

NO. 16–CA–383

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LEE, LOUISIANA CAPITAL ASSIS-TANCE CENTER, Abigail Crick

COUNSEL FOR DEFENDANT/AP-PELLANT, BRIDGET A. DINVAUT, IN HER OFFICIAL CAPACITY AS DIS-TRICT ATTORNEY OF THE FORTI-ETH JUDICIAL DISTRICT AND CUS-TODIAN OF PUBLIC RECORDS, Bridget A. Dinvaut, Keith Green, Jr.

Panel composed of Susan M. Chehardy, Jude G. Gravois, and Hans J. Liljeberg

**LILJEBERG, J.**

⌐₁This matter involves a public records request submitted by Plaintiff/Appellee, Louisiana Capital Assistance Center ("LCAC"), to Defendant/Appellant, Bridget A. Dinvaut, District Attorney for the Fortieth Judicial District, St. John the Baptist Parish ("District Attorney"). The District Attorney appeals a judgment which awarded attorney's fees and costs in the amount of $2,206.13 to LCAC in accordance with La. R.S. 44:35(D) of the Louisiana Public Records Act.

The District Attorney also filed an exception of no right of action for the first time on appeal alleging that LCAC has no right to recover fees and costs because the District Attorney produced the requested public records before the trial court issued an alternative writ of mandamus in accordance with La. C.C.P. Art. 3865. For the following reasons, we deny the District Attorney's exception of no right of action and affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

In its petition, LCAC alleged that on December 3, 2015, its investigator, Aubrey Rose, faxed a public records request to the District Attorney's office pursuant to La. R.S. 44:1 *et. seq.*, the Louisiana Public Records Act ("LPRA"). The request sought all records in the custody and control of the District Attorney's office pertaining to Anthony Bullock, including records regarding an aggravated assault charge against Mr. Bullock. LCAC alleged that on that same day, Keith Green, the individual authorized by the District Attorney's office to respond to public records requests, contacted Ms. Rose by phone and email to confirm receipt of the request and further indicated the District Attorney's office would prepare documents for

her review. In his email, Mr. Green asked Ms. Rose to clarify how LCAC wanted to receive the documents. On December 14, 2015, Ms. Rose ⌊₂responded by email and indicated the District Attorney's office could either mail or fax the responsive documents to LCAC.

LCAC next alleged that on December 28, 2015, Mr. Green sent the District Attorney's response to the public records request by means of an email forwarded to LCAC employee, James Burley. The only public record included with the email was an October 26, 2015 letter from the District Attorney to Anthony Bullock indicating the District Attorney's decision not to prosecute the aggravated assault charge. In the email, Mr. Green stated, "[b]ased on the nature of your request, and our office's designation as custodian of records, for those records we create, the attached document is the totality of information that we may provide to you regrading [sic] this matter."

On January 4, 2016, Ms. Rose sent a letter to Mr. Green indicating her surprise that the District Attorney only produced the refusal letter. She also questioned the meaning of the phrase in his email, "our office's designation as custodian of records, for those records we create ...." Ms. Rose asked Mr. Green to explain whether the District Attorney's office limited its response to only those records it created. She further requested that the District Attorney's office produce all responsive documents in its possession or provide a clear statement explaining why certain documents were withheld within three

business days pursuant to La. R.S. 44:32(D).[1]

Mr. Green responded by email later that day and explained the District Attorney's office was only the custodian of public records created by its office and therefore, it did not have an obligation to produce copies of public records obtained ⌊₃from other agencies. Mr. Green sent correspondence dated January 6, 2016, more fully explaining the District Attorney's position:

Our office will agree that the documents contained in Mr. Bullock's District Attorney's file are, indeed, public records. Likewise, our office is confident that the remaining documents (arrest report, court minutes and offense report) are disclosable under the Louisiana Public Records Law. However, our office was merely provided copies of the original documents from the St. John the Baptist Parish Clerk of Court and Sheriff's offices. Therefore, we are not the "custodian" of those documents, as contemplated under the Louisiana Public Records Law. As such, our office is not charged with the responsibility and duty of disclosing those documents pursuant to a request for such, in accordance with LSA–R.S. 44:1 et seq.

On February 10, 2016, LCAC filed a Petition for Writ of Mandamus Under the Louisiana Public Records Act. In this petition, LCAC requested that the trial court issue a writ of mandamus "directing the defendant to disclose the records requested or show cause why they should not be ordered to do so ...." According to the record, LCAC did not attach a proposed

---

1. La. R.S. 44:32(D) provides:

   In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor. Such written notification shall contain a reference to the basis under law which the custodian has determined exempts a record, or any part thereof, from inspection, copying, or reproduction.

order to its petition. On March 4, 2016, LCAC filed a Motion for Judgment of Fees and Costs alleging that pursuant to La R.S. 44:35(D),[2] it prevailed in this matter because the District Attorney produced the requested documents after LCAC filed its petition for writ of mandamus. LCAC alleged that the labor expended to obtain the public records included 13.81 hours for a junior attorney with less than three years of experience practicing law billed at $125 per hour ($1,726.25), and two hours for a law clerk billed at $40.00 per hour ($80.00). LCAC also alleged that it incurred $399.88 for court costs.

On March 8, 2016, the trial court signed an order setting the motion for fees and costs for hearing on April 1, 2016. On March 10, 2016, the trial court signed ⌊4an order issuing an alternative writ of mandamus to the District Attorney to produce the records requested by LCAC or alternatively to show cause why it should not be ordered to produce the records also on April 1, 2016. The April 1, 2016 hearing was continued to April 22, 2016, at the District Attorney's request.

On April 22, 2016, Mr. Green appeared as counsel on behalf of the District Attorney's office and agreed the office produced the requested public records after receiving LCAC's lawsuit. He argued, however, that LCAC was not entitled to recover fees and costs because the motion was premature as the trial court had not yet conducted a hearing on the mandamus petition to determine whether LCAC prevailed in these proceedings. In response, LCAC's counsel argued that according to relevant jurisprudence, LCAC prevailed in these proceedings when the District Attorney's office produced the records after LCAC filed its mandamus petition.

Mr. Green maintained the position that the mandamus petition was not set for hearing and argued that at such a hearing the District Attorney's office would contest LCAC's position that a custodian must produce all public records in its possession. He further noted that LCAC based this position on a recent Louisiana Supreme Court case. It appears from the parties' appellate briefs that Mr. Green was referring to the Louisiana Supreme Court's December 8, 2015 decision in *Shane v. Parish of Jefferson*, 14–2225, pp. 26–27 (La. 12/8/15), 209 So.3d 726, –– ––––, 2015 WL 8225830 2015 La. LEXIS 2549. In *Shane*, the Supreme Court interpreted the definition of a custodian under the LPRA to include not only the original custodian of the public record, but also subsequent custodians who may obtain copies of the public record. Mr. Green argued this case was not decided until after LCAC submitted its public records request, and therefore, did not apply to LCAC's request. In response, LCAC's counsel noted even if this argument was accurate, LCAC submitted a subsequent ⌊5request in its January 4, 2016 correspondence. Following the hearing, the trial court took the matter under advisement.

On April 25, 2016, the trial court issued a judgment which granted LCAC's motion for fees and costs and awarded $2,206.13 to LCAC. In its ruling, the trial court noted that LCAC prevailed in this matter pursuant to La. R.S. 44:35(D), and that the District Attorney's office was the custodian of the disputed records. The trial court

---

**2.** La. R.S. 44:35(D) provides:
    If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.

provided the following reasons for finding in favor of LCAC:

> Furthermore, in *Heath v. City of Alexandria*, the Louisiana Third Circuit Court of Appeal held that a party "prevails" in a public records action when the party that possesses the records produces copies of said records. Here, defendant produced the records after the Petition of Writ of Mandamus was filed and beyond the five day time period in La. R.S. 44:35(A). As in *Heath*, this Court finds that the public should not be forced to bring legal proceedings to obtain public records, and that once compliance occurs the public would never "prevail" because of a lack of a hearing.
>
> * * *
>
> Finally, defendant contends that at the time LCAC made its public records request she was not the custodian of records, but merely a possessor of records. Defendant argues that it was not until after LCAC sent the public records request, the Louisiana Supreme Court ruled that mere possession equated to one being the custodian of records. However, the record shows that LCAC made a subsequent request on January 4, 2016, well after the Louisiana Supreme Court's ruling.

On May 17, 2016, the District Attorney filed a Petition for Appeal, and the trial court issued an order granting the appeal that same day.

## DISCUSSION

■ In addition to raising several assignments of error, the District Attorney filed an exception of no right of action arguing that LCAC does not have a right of action because the District Attorney produced the records before the trial court issued the alternative writ of mandamus in accordance with La. C.C.P. Art. 3865. In response, LCAC contends the issues raised by the District Attorney are not properly raised in an exception of no right of action because they address the ₆merits of LCAC's claim, as opposed to whether LCAC has the legal interest or capacity to request the disputed public records. We address the exception of no right of action first.

■ A peremptory exception of no right of action can be brought at any time, including on appeal. *Lockett v. UV Ins. Risk Retention Grp., Inc.*, 15–166 (La.App. 5 Cir. 11/19/15), 180 So.3d 557, 573; *Dufrene v. Ins. Co. of the State of Pa.*, 01–47 (La.App. 5 Cir. 5/30/01), 790 So.2d 660, 668, *writs denied*, 01–2261 (La. 11/16/01), 802 So.2d 611 and 01–2308 (La. 11/16/01), 802 So.2d 613. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons with a legal interest in the subject matter of the litigation. *Badeaux v. Southwest Computer Bureau, Inc.*, 05–612 c/w 05–719 (La. 3/17/06), 929 So.2d 1211, 1217; *Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16–24 (La.App. 5 Cir. 7/27/16), 197 So.3d 829, 831. The essential function of the exception of no right of action is to provide a threshold device for terminating a suit brought by one with no legal interest to assert it, that is, to challenge the plaintiff's interest in the subject matter of the suit or his lack of capacity to proceed with the suit. *Mason v. Kansas City S. Ry. Co.*, 00–208 (La.App. 5 Cir. 9/26/00), 769 So.2d 1249, 1252. An exception of no right of action assumes the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. *Krebs*, 197 So.3d at 831; *Marks v. Third Dist. Volunteer Fire Dep't*, 13–383 (La.App. 5 Cir. 12/30/13), 131 So.3d 1099, 1101, *writ denied*, 14–88 (La. 3/14/14), 135 So.3d 606. The exception of no right of action does not concern the plaintiff's ability to prevail on the merits or the defendant's possible defenses. *Cutitto v. Boyes*,

97–63 (La.App. 5 Cir. 5/28/97), 695 So.2d 1080, 1084.

In its exception of no right of action, the District Attorney contends that after LCAC filed its petition for mandamus on February 10, 2016, La. C.C.P. Art. 3865 ₇required the trial court to issue an alternative writ of mandamus directing the District Attorney's office to either comply with LCAC's public records request or to appear at a show cause hearing. La. C.C.P. Art. 3865 provides that "[u]pon the filing of petition for a writ of mandamus, the trial court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary." The District Attorney argues that because the trial court failed to issue the alternative writ before the District Attorney produced the remaining responsive public records, LCAC has no right of action to recover fees and costs. The District Attorney further contends the trial court was without authority to issue the alternative writ of mandamus after the District Attorney produced the documents, and the trial court's judgment must be reversed for failure to comply with La. C.C.P. Art. 3865.

La. R.S. 44:31(B)(1) provides "any person of the age of majority may inspect, copy, or reproduce, any public record." La. R.S. 44:32(A) further provides "[t]he custodian shall present any public record to any person of the age of majority who so requests." Pursuant to La. R.S. 44:35(A), the LPRA enforcement provision, any person denied the right to inspect or copy a public record, either following a determination of the custodian or after the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, has a right of action to petition for a writ of mandamus. *Muhammad v. Office of the DA for St. James*, 16–9 (La.App. 5 Cir. 4/27/16), 191 So.3d 1149, 1157. Furthermore, as stated above, La. R.S. 44:35(D) provides that if the person prevails in his suit to obtain the public records, he shall be awarded reasonable attorney's fees and costs.

We agree with LCAC that the arguments raised by the District Attorney are not properly brought in an exception of no right of action. The District Attorney is not challenging whether LCAC has a legal interest or the procedural capacity to file the mandamus petition. Rather, the District Attorney argues that LCAC's ₈cause of action ceased to exist when the District Attorney produced the records before the trial court issued the alternative writ of mandamus. A person's right or capacity to file a mandamus petition is not contingent upon the trial court's obligation to issue an alternative writ of mandamus or the timing of the issuance of the writ pursuant to La. C.C.P. Art. 3865. For these reasons, we deny the District Attorney's exception of no right of action.

■ In its first and second assignments of error, the District Attorney argues that the trial court erred in finding LCAC prevailed in these proceedings because the District Attorney produced the records before the trial court issued the alternative writ of mandamus pursuant to La. C.C.P. Art. 3865. The District Attorney contends that a determination as to whether LCAC prevailed in this suit could not be made until the trial court held a hearing to determine whether the District Attorney was the proper custodian of the remaining records. It further contends the trial court's failure to issue the writ of mandamus immediately after the lawsuit was filed was an error of law requiring this Court to vacate the judgment.

■ The right of the public to access public records is a fundamental right guaranteed by both Article XII, § 3 of the Louisiana Constitution and the LPRA, La. R.S. 44:1 *et. seq. Shane*, —— So.3d at —— -——, 2015 WL 8225830, 2015 La.

LEXIS 2549, pp. 14–15; *Vandenweghe v. Parish of Jefferson*, 11–52 (La.App. 5 Cir. 5/24/11), 70 So.3d 51, 56, *writ denied*, 11–1333 (La. 9/30/11), 71 So.3d 289. The constitutional right of the public to access public records must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law specifically and unequivocally provides otherwise. *Muhammad*, 191 So.3d at 1156–57. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right of access. *Id.* at 1157. La. R.S. 44:31(B)(3) further provides that the burden of proving a public record is not subject to inspection, copying or reproduction rests with the custodian. *Vandenweghe*, 70 So.3d at 58.

As discussed above, La. R.S. 44:35 provides that any person denied access to public records may file a petition for mandamus after receiving a determination in writing from the custodian or after the statutory delays expire. Furthermore, Louisiana courts have recognized that once a plaintiff files a mandamus petition, the claim to recover fees and costs pursuant to La. R.S. 44:35(D) does not cease to exist if the custodian subsequently produces the records. *See Aswell v. Div. of Admin.*, 15–1851 (La.App. 1 Cir. 6/3/16), 196 So.3d 90, 94, *writ denied*, 16–1263 (La. 11/7/16), 209 So.3d 102, 2016 WL 6790663, 2016 La. LEXIS 2209; *Heath v. City of Alexandria*, 09–28 (La.App. 3 Cir. 5/6/09), 11 So.3d 569, 572; *Johnson v. City of Pineville*, 08–1234 (La.App. 3 Cir. 4/8/09), 9 So.3d 313, 317 (cause of action under La. R.S. 44:35(D) arose after the statutory time delays lapsed).

In *Aswell, supra*, the defendant argued the plaintiff was not entitled to recover attorney's fees and costs because it produced the public records months before the trial court held a hearing on the plain-

tiff's petition for injunctive relief. The First Circuit Court of Appeal held that an individual requesting public records prevails in the proceedings if the records are produced after suit is filed:

> For purposes of La. R.S. 44:35(D), the production of the records after Mr. Aswell filed suit is sufficient to establish that he "prevail[ed] in such suit." If we were to accept DOA's argument, public records custodians would be allowed to deny access to public records until suit has been filed and after the requestor has incurred the costs of instituting proceedings, thereby unilaterally precluding the requestor any possibility of "prevailing" on his suit. This would hinder the fundamental right of the public to have access to public records, which is guaranteed by the constitution. La. Const. Art 12, § 3; Heath v. City of Alexandria, 2009–28 (La.App. 3 Cir. 5/6/09), 11 So.3d 569, 572.
>
> Once a record requester prevails in a suit under the Louisiana Public Records Law, La. R.S. 44:35 mandates an award of reasonable attorney's fees and other costs of litigation.

*Id.* at 94.

In *Heath, supra*, the Louisiana Third Circuit Court of Appeal addressed a similar situation and reasoned as follows:

> Our supreme court has stated that "whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right of access." *Landis v. Moreau*, 00–1157, p.4 (La. 2/21/01), 779 So.2d 691, 694. The supreme court has also recognized the legislature's intent to provide the public with access to the public records in the least restrictive way possible. *Title Research Corp.* [*v. Rausch*], 450 So.2d 933 [ (La. 1984) ]. "To allow otherwise would be an improper and arbitrary restriction

on the public's constitutional rights." *Id.* at 936. Members of the public should not be forced to institute legal proceedings to obtain, at the very least, a final written determination regarding their right of access to the requested records, as provided by the Public Records Act. In this case, it was necessary for Heath to institute a proceeding in accordance with La. R.S. 44:35(A) to assert his rights, and his cause of action for an award under La. R.S. 44:35(D) arose when the statutory time delays lapsed.

*Id.* at 572.

The District Attorney contends the *Heath* case is distinguishable because it should be presumed the trial court in that matter fulfilled its duty to issue a writ of alternative mandamus. However, this issue of whether and when the trial court issues an alternative writ of mandamus is irrelevant. LCAC's right of action arose when the District Attorney's office sent its determination to limit its production on December 28, 2015. *See Muhammad, supra.* Pursuant to the cases discussed above, once LCAC filed its lawsuit, the District Attorney's voluntary production of the requested records did not extinguish LCAC's ability to prevail in these proceedings. Therefore, the trial court's failure to issue the alternative writ prior to the District Attorney's production of the requested records did not extinguish LCAC's claim for fees and costs under La. R.S. 44:35(D). We agree with the *Aswell* and *Heath* courts that to find otherwise would hinder the fundamental right of the public to access public records.[3]

▬ |₁₁We also find the argument that the trial court failed to hold a hearing on the custodian issue pursuant to La. R.S. 44:34 is without merit. In its judgment, the trial court recognized and the record reflects that both the petition for mandamus and the motion for fees and costs were set for hearing on April 22, 2016. Furthermore, La. R.S. 44:34 merely requires a custodian which claims it does not have custody or control of a public record to certify this position in writing.[4] This statute did not impose a duty on the trial court to hold an additional evidentiary hearing as the District Attorney suggests. The District Attorney had the opportunity to present its arguments and evidence on this issue of whether it was the custodian of the requested public records at the April 22, 2016 hearing.

In its final assignment of error, the District Attorney argues the trial court erred by finding LCAC's January 4, 2016 correspondence constituted a second or subsequent records request governed by the

---

**3.** The District Attorney also argues in its second assignment of error that pursuant to *Naquin v. Iberia Parish School Board*, 157 So.2d 287 (La. App. 3rd Cir. 1963), the trial court's failure to issue the alternative writ of mandamus "upon the filing of" LCAC's petition mandates the reversal of the trial court's judgment. However, *Naquin* involved the trial court's refusal to issue the alternative writ mandated by La. C.C.P. Art. 3865, not a delay in issuing the writ. The trial court maintains the obligation to issue the alternative writ and its delay in meeting this obligation is not a procedural error which requires this Court to vacate the judgment in favor of LCAC.

**4.** La. R.S. 44:34 provides:

If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.

Louisiana Supreme Court's decision in *Shane, supra.*

As discussed more fully above, after the District Attorney sent its December 28, 2015 response to LCAC's records request, LCAC sent a letter on January 4, 2016, requesting further clarification and again requesting that the District Attorney provide all records responsive to its December 3, 2015 public records request. The District Attorney contends that because the Supreme Court rendered its decision on December 8, 2015, five days after LCAC sent its public records request, the *Shane* decision is not applicable to these proceedings.[5]

■ |₁₂However, this argument overlooks the general rule that unless a court decision specifies otherwise, it is to be given prospective and retroactive effect. *See Succession of Clivens,* 426 So.2d 585, 594 (La. 1982); *Fountain v. Lavigne,* 07–716 (La.App. 4 Cir. 3/5/08), 980 So.2d 136, 138, *writ denied,* 08–743 (La. 5/30/08), 983 So.2d 902. The District Attorney does not provide reasons or argument as to why the Supreme Court's decision in *Shane* does not apply retroactively in this matter. Furthermore, the Supreme Court's decision was in place when the District Attorney sent its December 28, 2015 response, as well as when it sent its subsequent response on January 6, 2016. Therefore, the issue of whether LCAC sent a second public records request is irrelevant.

## DECREE

Based on the foregoing, we affirm the trial court's April 25, 2016 judgment awarding plaintiff, Louisiana Capital Assistance Center, fees and costs in the amount of $2,206.13.

## AFFIRMED

---

**5.** As explained above, in *Shane, supra,* the Supreme Court ruled that a public records custodian includes not only the original custodian, but also subsequent public officials who obtain custody of a copy of the public record.