CHAISSON, J.
liShimira Kennard appeals from a trial court judgment that sustained. St. James Parish School Board’s exceptions of lack of procedural capacity and no right of action. For the reasons that follow, we reverse the judgment of the trial court.
PROCEDURAL HISTORY
On August 8, 2014,. Shimira Kennard filed suit against St. James Parish School Board and other defendants as a résult of an alleged altercation at LútcherHigh School involving her son, Devante -Ken-nard. Ms. Kennard filed this ■ shit both individually, on her' own' béhalf, and on behalf of Devante. On December 4,'.2014, the School Board filed an answer to the suit in which, although .it pled various affirmative defenses, it did not plead'any exceptions. Subsequently, on July 28,‘ 2015, the School Board filed a pleading titled *682 “Exceptions of Prescription, No Right of Action and No Cause of Action with Incorporated Memorandum.”[1] In that pleading and the accompanying memorandum, the School Board challenged the authority of Ms. Kennard to file suit on behalf of De-vante, arguing that her petition did not set forth the basis of her authority. On February 22, 2016, after a hearing on the School Board’s pleading, the trial court overruled the exception of no right of action, but sustained an exception of lack of procedural capacity and gave Ms. Kennard “... until March 11, 2016 to amend the petition to reflect authority to bring this claim on behalf of the minor, Devante Kennard.”[2]
On March 21, 2016, the School Board filed a pleading titled “Exceptions of No Right of Action and Lack of Procedural Capacity,” in which it again challenged |2the authority of Ms. Kennard to file suit on behalf of Devante, and alleged that Ms. Kennard had failed to amend her petition within the time frame allowed by the trial court. At the hearing on these exceptions, Ms. Kennard conceded that she had not amended her petition; however, she introduced into evidence a copy of Letters of Tutorship dated April 8, 2016, showing that she had been confirmed as natural tutrix of her minor child Devante.[3] After taking the matter under advisement in order to review the tutorship proceeding, on June 16, 2016, the trial court rendered judgment sustaining both the exception of lack of procedural capacity and the exception of no right of action and dismissed all of Ms. Kennard’s claims against the School Board with prejudice.[4] It is from this judgment that Ms. Kennard now appeals.
DISCUSSION
We first note that Ms. Kennard’s petition indicates that she is making a claim both individually, on her own behalf, and a claim on behalf of Devante. Additionally, her petition sets forth items of damages that she has allegedly suffered which are separate and distinct from the items of damages allegedly suffered by Devante.[5] The exceptions at issue in this *683 appeal do not challenge the authority of Ms. Kennard to file her individual claim on her own behalf. Therefore, it was error for the trial court to sustain the exceptions as to Ms. Kennard’s individual claim and to dismiss her petition as to that claim.
The School Board does, however, by way of its pleadings, challenge the authority of Ms. Kennard to file suit on behalf of De-vante for his claim. Although lathe School Board attempts to make this challenge by way of exceptions of both lack of procedural capacity and no right of action, the appropriate exception to challenge Ms. Kennard’s authority to file suit in a representative capacity on behalf of Devante is an exception of lack of procedural capacity.
The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons with a legal interest in the subject matter of the litigation. La. Capital Assistance Ctr. v. Dinvaut, 16-383 (La.App. 5 Cir. 12/7/16), 207 So.3d 1187. The essential function of the exception of no right of action is to provide a threshold device for terminating a suit brought by one with no legal interest to assert it, that is, to challenge the plaintiffs interest in the subject matter of the suit or his lack of capacity to proceed with the suit. Id.
To the contrary, the dilatory exception of lack of procedural capacity raises the issue of want of capacity of the plaintiff to institute and prosecute the action and stand in judgment and/or challenges the authority of a plaintiff who appears in a purely representative capacity. Woodard v. Upp, 13-0999 (La.App. 1 Cir. 2/18/14), 142 So.3d 14, 18. “Lack of capacity” is not synonymous with no right of action. Id. Lack of procedural capacity is a dilatory exception which tests a party’s legal capacity to bring a suit. Id.
In the case before us, Ms. Kennard has brought the claim of her son in a representative capacity as the alleged “ad-ministratrix” of Devante’s estate. The appropriate exception for the School Board to challenge Ms. Kennard’s authority to bring suit in a representative capacity on behalf of Devante is the exception of lack of procedural capacity, not an exception of no right of action.[6] Furthermore, none of the School Board’s arguments regarding Ms. Kennard’s authority to file |4suit on behalf of Devante are pertinent to an exception of no right of action, regardless of the fact that the School Board styles them as such. It was therefore error for the trial court to sustain the exception of no right of action.
The exception of lack of procedural capacity is a dilatory exception which merely retards the progress of the action, but does not tend to defeat the action. See La. C.C.P. arts. 923 and 926(A)(6). La. C.C.P. art. 928(A) provides that the dilatory exception shall be pleaded prior to or in the answer. A dilatory exception which is not pleaded prior to or in the answer is waived. La. C.C.P. art. 926(B); See also *684 Sarratt v. Cappaert Enterprises, 442 So.2d 783 (La. App. 5th Cir. 1983).
THe School Board filed its answer herein on December 4, 2014, but did not file exceptions to Ms. Kennard’s petition until July 28, 2015, and March 21, 2016. By failing to plead its dilatory exception of lack of procedural capacity prior to or with its answer, the School Board waived its objection to Ms. Kennard’s procedural capacity to file suit on behalf of Devante.[7] Any objection of the School Board to the procedural capacity of Ms. Kennard to file suit on behalf of Devante having been waivdd,'it'was therefore error for the trial court to sustain the School Board’s exception of lack of procedural capacity.
CONCLUSION
■Accordingly, we reverse the trial court’s judgment, which sustained the School-Board’s exceptions of no right of action and lack of procedural capacity and dismissed Ms. Kennard’s lawsuit with prejudice. We remand this matter to the trial court for'further proceedings consistent with this opinion.
REVERSED AND REMANDED

. A co-defendant, Lakeitha Woidtke (formerly Hamilton), previously timely filed an exception of lack of procedural capacity with her answer to Ms. Kennard's petition; however, the appellate record does not indicate that this exception was ever set for hearing or ruled upon by the trial court, and it is not the subject of this appeal.

. The trial court did not issue written reasons for judgment and the appellate record does not contain the minute entries or a transcript of the hearing on these exceptions; however, the February 22, 2016 judgment, which is the only judgment in the appellate record from the February 11, 2016 hearing, indicates that the matters heard that day were the School Board's exceptions, with no mention of Ms. Woidtke’s exception (although her attorney was present at the hearing). It therefore appears to us that the trial court, based upon the substance of that portion of the School Board’s memorandum in which it challenged Ms. Kennard’s authority to file suit on behalf of Devante, correctly construed the School Board's exception to be one of lack of procedural capacity, rather than no right of action.

. We note that in her petition, Ms. Kennard alleged that she was the administratrix of the estate of Devante Kennard, although she did not state under what authority she was deemed administratrix.

. The trial court did not issue written reasons for judgment. It is not entirely clear to us whether the trial court found some deficiency in the tutorship proceeding such that the issue of Ms. Kennard’s authority to file suit on behalf of Devante was not adequately resolved, or whether the trial court dismissed Ms. Kennard’s suit because she had failed to comply with the trial court's directive to amend her petition to allege the basis of her authority to file suit on behalf of Devante.

. The appellate record does not indicate that Ms. Kennard filed any written oppositions to the School Board’s various exceptions, nor does the appellate record indicate that she *683 apprised the trial court of the fact that she had made individual claims against the School Board that were not implicated by the School Board’s exceptions. Although Ms. Kennard now makes this argument to our Court, it appears from the appellate record that she inexplicably failed to make such argument to the trial court.

. Although the School Board eventually filed both an exception of lack of procedural capacity and an exception of no right of action, it argues the exceptions together without acknowledging the distinction between the two. For an excellent discussion of the distinction between the exception of no right of action and the exception of lack of procedural capacity, see Judge Landrieu’s dissent in Bourbon Invs., LLC v. New Orleans Equity, LLC, 15-1234 (La.App. 4 Cir. 12/21/16), 207 So.3d 1088 (Landrieu, J. concurring in part and dissenting in part).

. Although Ms. Kennard raises the issue of waiver to this Court, the appellate record indicates that again, as to this issue, she inexplicably failed to make this argument to the trial court.