BROWN, Chief Judge.
| defendant, Brian Henry Turner, was originally charged by bill of information with felony theft of assets of an aged or disabled person in an amount exceeding $1,500 for‘taking his elderly parents’ debit card- and conducting at least 107 transactions at local casinos and the race track in amounts exceeding $30,000. Pursuant to a -plea bargain, Turner was allowed to plead guilty to the lesser charge of middle grade theft, which carries a maximum sentence of five years with or without hard labor. The trial judge ordered a pre-sentence investigation and thereafter sentenced Turner to three years at hard labor with credit for time served. No restitution was ordered. A motion to reconsider sentence alleging mere excessiveness was filed and, after a hearing, was denied." This appeal ensued.

Discussion

A reading of the transcripts and the pre-sentence investigation report reveals that Turner was living with his elderly parents and taking care of them when the offense was committed. Turner’s mother suffered from early stage Alzheimer’s disease and kept her PIN written down in her wallet. Turner took his mother’s debit card and made hundreds of purchases and transactions at local casinos, strip clubs and the race track. When Turner’s older brother discovered the mi§sing funds, he alerted the police.
At the guilty plea hearing, Turner’s attorney stated that his client was to plead guilty to middle grade theft “and that in that matter sentence would be up to five years and that you (judge) had indicated you would probably sentence him to about three years.”
[gWhere the defendant’s motion to reconsider sentence alleges mere "exces-siveness of sentence, the reviewing court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App.2d Cir.09/21/11), 72 So.3d 952.
Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/02/11), 77 So.3d 1047.
The trial court has vade discretion in imposing sentence within minimum and maximum limits allowed by the statute. State v. Dickson, 48,361 (La.App.2d Cir.09/25/13), 124 So.3d 1193. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.09/21/11), 73 So.3d 1021, writ denied, 11-2347 (La.03/09/12), 84 So.3d 551.
*1291 In cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or he has received a significant reduction in potential exposure to confinement through a plea bargain agreement, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Cheatham, 44,247 (La.App.2d Cir.05/13/09), 12 So.3d 1047.
|3In this case, Turner was originally charged with theft of assets from an aged or disabled person where the amount was $1,500 or more; this offense carried a maximum sentence of ten years. La. R.S. 14:67.21. The facts shows that Turner could have been charged under La. R.S. 14:67 with theft of more than $25,000, which carried a sentence with or without hard labor for not less than five years nor more than 20 years. Turner received a substantial benefit through the plea bargain.
The trial judge reviewed a pre-sentence investigation report, which revealed that Turner is a first-felony offender with three DWI convictions. Turner admittedly has an alcohol dependency problem and claims that this contributed to the commission of the current offense. The trial judge noted that Turner declined to provide a statement in the pre-sentence investigation report and seemed to show little remorse. At the hearing on the motion to reconsider sentence, Turner made a statement that he felt like the money was payment for his caregiving. The trial judge found it to be highly unlikely that Turner, with a sketchy work history at best, could make restitution of such a large amount.
Based on the particular facts herein, the three-year sentence imposed is not excessive. The sentence does not shock the sense of justice, nor is it a needless imposition of pain and suffering. State v. Fatheree, supra.

Error Patent

The trial court erroneously informed defendant that he had two year's “from today’s date” within which to file for post-conviction relief pursuant to La. C. Cr. P. art. 930.8(C). The failure to properly advise is not grounds |4to vacate the sentence and remand for resentencing. State v. Cooper, 31,118 (La.App.2d Cir.09/23/98), 718 So.2d 1063, writ denied, 99-0187 (La.05/14/99), 741 So.2d 663. This court now notifies defendant that he has two years from the date that his conviction and sentence become fínal under La. C. Cr. P. art. 914 or 922 to file any applications for post-conviction relief. State v. Parker, 49,009 (La.App.2d Cir.05/15/14), 141 So.3d 839.

Conclusion

For the foregoing reasons, the conviction and sentence of Brian Henry Turner are affirmed.