Daniel L. Dysart, Judge
It Steven Mark Grishman, Sol Howard Grishman and Marylynn Daniels Wesson filed a petition .for writ of mandamus seeking to have their respective birth parents’ names restored to their birth certificates. The writ was directed to Darlene W. Smith, in her capacity as State Registrar of Vital Records and Director of the.Center of State Registrar & Vital Records (“the State registrar”). Plaintiffs, alleged that their original birth certificates were improperly and/or fraudulently altered after the state registrar was presented with notarial acts of adoption, to which plaintiffs claim they did not willingly acquiesce.
The trial court defined the issue before it as whether the Office of Vital Records, based upon the documents it received, i.e., notarial acts of adoption, had the legal authority to alter the plaintiffs’ birth certificates. The trial court found that the applicable law (La. R.S. 40:201, as to Steven and Marylynn, and La. R.S. 40:75[1], as to Sol), provided for the making of a record showing the date of the 'birth of the adopted person, the new name of the adopted person, if the name was changed in accordance with the law, and the names and addresses of the adoptive ^parents. The trial court dismissed plaintiffs’ claims, with prejudice, holding that- the State registrar Office of Vital Records was not the proper defendant in this matter. Plaintiffs appeal.
BACKGROUND:
Plaintiffs, Steven Mark Grishman and Sol Howard Grishman, testified that they suffered great abuse at the hands of their now deceased father, Sidney (a/k/a Schaje) Wolf Grishman. Steven explained that after their birth mother, Barbara Winn, and their father divorced, their father married Carole Horton Grishman.
Steven Grishman testified that while he does not dispute that the signature on the act of adoption appears to be his, he had no recollection of ever signing the..document. He did, however, recall being threatened or coerced into signing blank pieces of paper on several occasions. He neither knew the attorney who signed the act of adoption as the notary, nor two witnesses *1038 named on the document. He did recall that his step-mother, Carole, worked for the attorney who notarized the act of adoption.
Sol Grishman testified’that the signature above his name on the act of adoption was not his, although he knew that his father had forged his signature on other occasions, Specifically, his father forged his name on a document for Sol’s personal bank account, and withdrew all of the funds for his own use.
Marylynn'Wesson Daniels testified that she did remember signing an act of | ¡^adoption, but that she did not do so willingly. She remembered Sidney Grishman telling her that he wanted the name “Daniels” to be removed from the household.[2]
All of the plaintiffs, were majors when the acts of adoption were finalized and filed with the State registrar. New birth certificates were issued for each plaintiff. Steven Grishman’s new certificate no longer contained the name of his birth mother, Barbara Winn, but listed Carole Medora Horton as. his. birth mother. The same changes were made to Sol Grishman’s birth certificate. Marylynn Daniels’ birth certificate was changed, removing her birth father’s name, Howard McKinnon Daniels, Jr., and substituting Schaje Wolf Grishman as her birth father.
The signing of the acts of adoption[3], the recordation with the State registra!", and 'the issuance' of new birth certificates all took place several decades prior to the filing of the Petition "for Writ of Mandamus, which was filed May 23,2012.
As stated previously, the trial court ruled in favor of the State registrar, dismissing plaintiffs’ claims, with prejudice. The trial court explained in its written reasons for judgment that the issue to be decided was whether the Office of Vital Records had properly changed plaintiffs’ birth certificates upon receipt of the acts of adoption. The court found that plaintiffs failed to meet their burden of proving that the documents upon which the defendant relied were insufficient according to the law at the time the adoption papers were filed and the new birth certificates issued.
|/The court found that the acts of adoption were proper on their face, and, therefore, the State registrar did not err in issuing new birth certificates. The trial court also stated that this defendant was not a proper party to carry out the actions demanded in the petition for writ of mandamus.
DISCUSSION:
Plaintiffs raise three assignments of error: 1) The district court erred in finding that the state registrar was not the proper party to direct a writ of mandamus under these circumstances; 2) The district court erred in not ordering the state registrar to correct the erroneously issued “new” birth certificates, and restore them as originally issued; and 3) The district court erred in not annulling the acts of adoption and ordering the birth certificates restored.
Louisiana Code of Civil Procedure art. 3861 defines mandamus “as a writ directing a public officer ... to perform any of the duties set forth in Articles 3863 and 3864.” Pursuant to La. Code Civ. Proc. art, 3863, which applies in this case, the writ is directed “to compel the performance of a ministerial duty required by *1039 law, ...” A writ of mandamus is “an extraordinary remedy, to be applied where ordinary means fail to afford the adequate relief.” Dynamic Constructors, L.L.C. v. Plaquemines Parish Gov’t, 15-0271, p. 3 n. 2 (La.App. 4 Cir. 8/26/15), 173 So.3d 1239, 1242, unit denied, 15-1782 (La. 10/30/15), 178 So.3d 562, reconsideration denied, 15-1782 (La. 12/7/15), 180 So.3d 1289, citing A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans, 10-1755, p. 8 (La. App. 4 Cir. 8/24/11), 72 So.3d 454, 459. The remedy “must be used sparingly ... to compel action that is | ¡¡clearly provided by law.” Dynamic Constructors, 15-0271 at p. 3. n. 2, 173 So.3d 1242, citing Hamp’s Const., L.L.C. v. Hous. Auth. of New Orleans, 10-0816, pp. 3-4 (La.App. 4 Cir. 12/01/10), 52 So.3d 970, 973. “Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised.” Hamp’s Const., 10-0816 at p. 4, 52 So.3d at 973.
At the time the acts of adoption were filed and the new birth certificates were issued for Steven Grishman and Marylynn Daniels, Louisiana Revised Statute 9:461 permitted any adult over the age of twenty to adopt another person age seventeen or older by simply executing an authentic act of adoption. At the time the act of adoption was filed for Sol Grishman, the age requirement of the adoptive parent(s) was over the age of eighteen.[4] No court hearing was required.
Further, the law in effect relative to recordation of adoptions and issuance of new birth certificates was La. R.S. 40:201[5] relative to Steven Grishman and Marylynn Daniels, and La. R.S. 40:75[6] relative to Sol Grishman.
Plaintiffs argue that the pertinent statutes did not allow for alteration of their birth certificates.[7] They rely on the title of the subject statutes as proof: “Record of adoptions prior to July 27, 1938,” to argue that at the time of their respective adoptions, there was no statutory authority to allow for changes to their birth | fiCertificates relative to the names of the adoptive parent(s). Therefore, plaintiffs argue that the state registrar was the proper party to which a writ of mandamus should be directed.
After a careful and thorough review of the history of the respective statutes, we conclude that the law did allow for the changes.
Prior to 1938, there was no manner by which to record adoptions with a central state registrar registry. By Act 269 of 1940, it was required that “every person adopted prior to the effective date of Act 428 of 1938 [July 27, 1938] shall present to the Central Bureau of Vital Statistics his birth certificate, together with a certified copy of the final adoption decree [persons under 17] or notarial act of adoption [persons over 17].” The purpose of the Act was “causing a record to be made in the ar *1040 chives of the Central Bureau of the daté of birth and the new name of the adopted, if such name has been changed, and the name and address of the adoptive parent or parents.”[8] (emphasis added.) Although the Act does not specifically state that the names of the adoptive parents should be substituted for the birth parents, the wording of the Act implies that this should occur, as the Act also provides for maintaining the original birth certificate under seal.
Act 776 of 1979, changed the title of La. R.S. 40:75 to: “Notarial acts of adoption, requirement of affidavit from district attorney[.]” All reference to the names of the adoptive parents was deleted. Instead, the only reference to name change was that of the adopted person, providing that if the adopted person desired |7to have a new birth certificate issued, the district attorney of the parish in which the act was executed, would have to concur. This change in the law indicates that prior to its enactment the law provided for substitution of the adoptive parent(s) name(s) on the birth certificate of the adopted person. Thus, the State registrar had the authority to issue new birth certificates containing the names of the adoptive parents at the time it was done.
The only evidence presented at the trial of this matter was the testimony of the plaintiffs, the original birth certificates, the acts of adoption and the subsequently issued birth certificates. There is no evidence to indicate that the State registrar should not have accepted the acts of adoption as true and authentic, such that new birth certificates should not have issued. Furthermore, there was no evidence that plaintiffs have made any attempt to have their adoptions declared null on the basis of fraud or coercion.
As a' writ of mandamus is to be employed only in situations where ordinary means have failed, we find that plaintiffs have not exhausted the ordinary means available to them to have their birth certificates .changed. Additionally, the evidence submitted to the trial court was insufficient to support the issuance of a writ of mandamus to the state registrar to issue new birth certificates.
Accordingly, we affirm the judgment of the trial court in its entirety.
AFFIRMED
LANDRIEU, J., DISSENTS WITH REASONS

. La. R.S. 40:201 was redesignated as La. R.S. 40:75 by Acts 1976, No. 352, § 1.

. Although Maiylynn’s surname was changed on the newly issued birth certificate, she did not use the name Grishman as her maiden name.

. Act of Adoption of Steven Mark Grishman, d/o/b 11/2/57, executed on April 22, 1976; Act of Adoption of Sol Howard Grishman, d/o/b 8/31/59, executed on November 20, 1978; Act of Adoption of Marylynn Medora Daniels, d/o/b 8/12/56, executed on December 10, 1974.

. Acts 1978, No. 714, § 2 reduced age for person to adopt a person over the age of seventeen from "above the age of twenty," to eighteen years of age.

. Chapter 2 of Title 40 of the Louisiana Revised Statutes of 1950, which contained R.S. 40:201, was amended and reenacted by Acts 1976, No. 352, § 1 to contain R.S. 40:32 to 40:81.

. Chapter 2 was amended and reenacted by Acts 1979, No. 776, § 1 to contain R.S. 40:32 to 40:79.

. At oral argument, counsel for plaintiffs explained that Steven’s and Sol's mother was still alive, and that they wished to have her name restored as birth mother on their certificates. No explanation was given for Maryl-ynn, as she had never used Grishman as her surname, despite the change to her birth certificate.

. James A. Bugea, Carlos E.' Lazarus, and William T. Pegues, The Louisiana Legislation of 1940, 3 La. L. Rev. 98, 111 (1940).