Judge Tiffany G. Chase
Appellant Effie M. Chaisson (hereinafter "Ms. Chaisson") seeks review of the trial court's dismissal of her petition for writ of mandamus. The mandamus sought an order compelling the State of Louisiana, Department of Health and Hospitals, through the Registrar of Vital Records to restore Ms. Chaisson's minor child, G.E.C.'s[1] original birth certificate and strike from the record the amended birth certificate.[2] Ms. Chaisson sets forth the following assignments of error on appeal: (1) the trial court erred in dismissing the writ of mandamus to restore G.E.C.'s original birth certificate because the law did not allow the Registrar to administratively amend G.E.C.'s birth certificate; (2) the trial court erred in dismissing the writ of mandamus based on its factual finding that married couples were treated equally, regardless of sexual orientation, in the procedure employed to amend birth certificates; and (3) the trial court committed legal error in denying her original writ of mandamus and failing to make her alternative writ peremptory when the Registrar only appeared through his counsel of record.
FACTS
Ms. Chaisson and Elizabeth Ann Nelson (hereainfter "Ms. Nelson") were married in New York in December 2011, prior to legalization of same sex marriage in Louisiana. On June 28, 2014, Ms. Chaisson gave birth in New Orleans, Louisiana, to G.E.C., who was conceived via artificial insemination. G.E.C.'s birth certificate was issued on July 1, 2014, listing Ms. Chaisson as the mother, however no father was listed. On June 26, 2015, in *1077 Obergefell v. Hodges , --- U.S. ----, 135 S.Ct. 2584, 192 L.Ed. 2d 609 (2015), the United States Supreme Court legalized same sex marriage. On July 2, 2015, in Robicheaux v. Caldwell , No. CIV.A. 13-5090, 2015 WL 4090353, at *2 (E.D. La. July 2, 2015), the State of Louisiana was ordered to recognize same sex marriage.
While the parties were still married, Ms. Nelson individually applied to amend G.E.C.'s birth certificate.[3] As proof that Ms. Nelson and Ms. Chaisson were married at the time of G.E.C.'s birth, Ms. Nelson provided Vital Records with the couple's 2011 New York marriage license. On February 13, 2017, Vital Records issued an amended birth certificate, listing Ms. Nelson as a parent of G.E.C.
PROCEDURAL HISTORY
On February 24, 2017, Ms. Chaisson filed a petition for writ of mandamus pursuant to La. R.S. § 40:33, naming the Registrar, in his official capacity, as Defendant. Ms. Chaisson sought an order to compel the Registrar to restore G.E.C.'s original birth certificate and to strike the amended birth certificate from Vital Records.
At the mandamus hearing on March 6, 2017, the Registrar waived formal service and appeared solely through his counsel of record. The trial court denied Ms. Chaisson's request to introduce testimony, including that of the Registrar, and denied the writ of mandamus. Specifically, the trial court held that the birth certificate amendment was not a discretionary decision rendered by the Registrar. Instead, the trial court determined that the Registrar treated all married couples equally, regardless of sexual orientation. The trial court specifically found that "the issue is they were married at the time of conception and delivery and the fact that they [Vital Records] treated this case the same as they would another case."
Ms. Chaisson timely filed a motion for new trial, arguing the trial court erred by failing to make the alternative writ peremptory and in denying the introduction of testimony at the hearing. On April 25, 2017, the trial court heard the motion for new trial. Ms. Chaisson argued since the Registrar failed to personally appear, he waived any objection, mandating the alternative writ be made peremptory to order the Registrar to perform the act demanded.[4] The trial court held that the Registrar properly appeared through counsel of record, but granted the motion for new trial to allow testimony. At the conclusion of the second hearing, the trial court denied the writ of mandamus based on the evidence and testimony presented. This appeal followed.
LAW AND ANALYSIS
Authority to Administratively Amend a Birth Certificate
In Ms. Chaisson's first assignment of error, she alleges the trial court erred in dismissing the writ of mandamus because the law did not allow the Registrar to administratively amend G.E.C.'s birth certificate. Ms. Chaisson sought an order compelling the Registrar to restore G.E.C.'s original birth certificate and to strike the amended birth certificate. In the court below, Ms. Chaisson contended that the Registrar improperly amended the birth certificate based on his discretion and not the law. The issue of whether the law allowed the Registrar to administratively amend a birth certificate and whether that law was equally applied to all married *1078 couples is inextricably intertwined and will be discussed in turn below.
A trial court's denial of a writ of mandamus is reviewed under an abuse of discretion standard.[5] "[An] appellate court will grant a writ of mandamus only when there is usurpation of judicial power or clear abuse of discretion."[6] In addition, "findings of fact in a mandamus proceeding are subject to a manifest error standard of review."[7] La. C.C.P. art. 3861 provides that a "[m]andamus is a writ directing a public officer ... to perform any of the duties set forth in Articles 3863 and 3864." A writ of mandamus must be used sparingly, as it is an extraordinary remedy.[8] In the case sub judice , the writ was directed to the Registrar, under La. C.C.P. art. 3863, "to compel the performance of a ministerial duty required by law, ...." A " 'ministerial duty' is one in which no element of discretion is left to the public officer, in other words, a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law."[9] A public official cannot be compelled to exercise discretionary authority via a writ of mandamus and a writ of mandamus will not be issued in doubtful cases.[10]
Ms. Chaisson argues that the birth certificate was improperly amended and the mandamus should be granted to restore it. Thus, the trial court was tasked with determining whether the Registrar's original action by amending the birth certificate was discretionary or ministerial. If Vital Records had the legal authority to amend the birth certificate based solely upon the 2011 marriage license, the writ of mandamus was properly dismissed.[11]
On February 13, 2017, Vital Records issued G.E.C.'s amended birth certificate after Ms. Nelson supplied the couple's 2011 marriage license. Vital Records maintained it administratively amended the birth certificate, relying upon 48 La. Admin. Code Pt. V, Subpart 45, Chapter 11, Section 11101(f) and La. C.C.P art. 185 to add Ms. Nelson as a parent, along with the precedent requiring equal treatment established in the cases of Obergefell[12] and Robicheaux .[13] Thus, once Ms. Nelson submitted the 2011 marriage license to Vital Records and represented that the parties were married at the time of the request, the amendment was proper.
48 La. Admin. Code Pt. V, Subpart 45, Chapter 11, Section 11101(f) addresses the proof necessary to alter a birth certificate, noting that to alter the information regarding the mother and father of the child *1079 "[i]nformation pertaining to the mother and father listed on the certificate may be altered with the parent(s') birth certificate(s, [sic] marriage application or child's baptismal certificate." Further, La. C.C. art. 185 creates a legal presumption that "[t]he husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage."
At the April 25, 2017 hearing, Ms. Chaisson argued that a male seeking to amend a child's birth certificate to include him as the father on the basis that he was married to the birth mother at the time the child was born must either (1) file an affidavit of acknowledgment of paternity signed by both mother and father or (2) must obtain a court order to amend the birth certificate. However, the Registrar testified that procedure only applies when amending a birth certificate of a child born outside a marriage. The Registrar described the process used to complete an original birth certificate. He testified that when a mother is admitted to the hospital, the hospital will gather pertinent information from her. If the birth mother advises that she is married, her husband's name will be listed as a parent. If Vital Records identifies the birth mother is married but her husband is not listed as a parent, a birth certificate will not be issued until Vital Records receives a marriage license. The Registrar testified that their policy was to accept a marriage license to amend a birth certificate to add a parent, if the couple was married at the time of birth or the marriage was terminated within 300 days of the child's birth. This policy does not require the consent of both parents. The Registrar maintained that there is a legal presumption that the spouse of the birth mother is also the other parent of the child, per La. C.C. art. 185. The Registrar noted that since the marriage license showed the parties were married at the time of G.E.C.'s birth, the birth certificate could be amended with the marriage license alone.
A review of the record before us shows insufficient evidence to establish that the Registrar's reliance on the marriage license as proof for amending G.E.C.'s birth certificate was improper. We further find that the evidence provided does not support the argument that the Registrar did not have legal authority to administratively amend the birth certificate. Thus, "the evidence submitted to the trial court was insufficient to support the issuance of a writ of mandamus ...."[14] This assignment of error is without merit.
Equal Application of Procedure
Ms. Chaisson's second assignment of error is that the trial court erred in dismissing the writ of mandamus based on its factual finding that the law to amend birth certificates was applied equally to all married couples, regardless of sexual orientation. Thus, it is necessary to examine if the parties in this matter were treated equally when the Registrar amended G.E.C.'s birth certificate.
The United States Supreme Court, in Obergefell v. Hodges , mandated that Louisiana recognize same sex marriage, noting that "the right to marry is a fundamental right inherent in the liberty of the person and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment couples of the same-sex may not be deprived of that right and that liberty."[15] Obergefell held state laws invalid "to the extent they exclude same-sex *1080 couples from civil marriage on the same terms and conditions as opposite-sex couples."[16] As a result of the ruling in Obergefell , in Robicheaux , the United States District Court for the Eastern District of Louisiana issued judgment on July 2, 2015, ordering Vital Records to issue a birth certificate naming as the other parent, the non-child bearing same sex spouse of the birth mother, on their child's birth certificate.[17]
On June 26, 2017, following judgment in this matter, the United States Supreme Court issued a decision, in Pavan v. Smith , which this Court finds instructive to this case.[18] In Pavan, two married same-sex couples had children through an anonymous sperm donor and sought to list both parents on their children's birth certificate in Arkansas.[19] Arkansas' Department of Health would only issue the certificate listing the birth mother and declined to include the same sex spouse as the other parent.[20] The parents sued, arguing that a provision of Arkansas law provides that if the birth mother was married at the time the child was born, her husband's name must be listed as the father.[21] Thus, that same right should extend to same sex parents, otherwise the law as applied would deny same sex married couples the same benefits that opposite sex married couples enjoy as a benefit of marriage.[22] The trial court agreed, finding that the law, as applied to same sex couples, violated the Supreme Court holding in Obergefell v. Hodges .[23] The Arkansas Supreme Court reversed the trial court.[24] The Supreme Court granted certiorari reversing the Arkansas Supreme Court and found that "differential treatment infringes Obergefell's commitment to provide same-sex couples 'the constellation of benefits that the States have linked to marriage.' "[25] The Arkansas law at issue in that matter mandated that if the birth mother was married at conception or at the child's birth, her husband's name must be entered as the father of the child on the birth certificate.[26] The Supreme Court noted that Arkansas state law required placement of the husband's name on the birth certificate even when the child was conceived by an anonymous sperm donor and thus not the biological father.[27] Therefore, "Arkansas has thus chosen to make its birth certificates more than a mere marker of biological relationships: ... [giving] married parents a form of legal recognition that is not available to unmarried parents. [As such,] Arkansas may not, consistent with Obergefell , deny married same-sex couples that recognition."[28]
Ms. Chaisson suggests that Obergefell and Robicheaux are not applicable, arguing that those cases are silent as to retroactive *1081 application of the law to amend birth certificates of children born to same sex married couples prior to 2015. Ms. Chaisson maintains that after those decisions were handed down, La. R.S. § 40:46.1 was amended and La. R.S. § 40:46.1 through La R.S. § 40:46.11 were enacted to address amendments of birth certificates based on a change of biological filiation. This Court recognizes that the marriage between the parties and the birth of G.E.C. occurred prior to legalization of same sex marriage in Louisiana. We agree with the trial court and the Registrar that a change of biological filiation is irrelevant in this case since Ms. Nelson clearly is not biologically related to the child. Ms. Chaisson maintains that no new rules have been established by Vital Records to address issues regarding adding a same sex parent in the situation now before this Court. At the April 25, 2017 hearing, Ms. Chaisson testified that Vital Records deviated from their own policy in adding Ms. Nelson to the birth certificate, giving disparate treatment to same sex couples. Ms. Chaisson testified that she did not consent to the amendment or have any knowledge that Ms. Nelson applied for an amendment. She also maintained that she purposefully left Ms. Nelson off the birth certificate, failing to advise hospital staff that she was married when she gave birth. Ms. Chaisson also presented the testimony of Karen Laws (hereinafter "Ms. Laws"), an employee of Ms. Chaisson, to establish there was disparate treatment under the law. Ms. Laws testified that she called Vital Records to inquire the standard procedure for amending a birth certificate to add a husband as the father. She spoke with Kathleen Crochet (hereinafter "Ms. Crochet"), who works at the Registrar's office as an amendments supervisor. Ms. Laws testified she was advised to complete an acknowledgement of paternity affidavit and return it to add her husband to the birth certificate. However, on her direct examination, she acknowledged that under the scenario she posed, she did not advise Ms. Crochet that she was married to her husband at the time the child was born. Ms. Laws also testified that Ms. Crochet inquired as to whether Ms. Laws was married before, to which Ms. Laws answered in the negative. Ms. Laws testified that Ms. Crochet did not explain the significance of the marriage question as it related to amending the birth certificate. Ms. Laws testified that Ms. Crochet did not ask any follow up questions regarding whether she was married at the time the child was born.
The Registrar maintained at the hearing that there was no disparate treatment by Vital Records in the process used to amend the birth certificate, regardless of sexual orientation. Here, the Registrar testified the name of the spouse should have been included in the original birth certificate but that information was withheld at the time of G.E.C.'s birth. The Registrar maintains the presumption of parentage for the non-child bearing spouse provided for in La. C.C. art. 185 is not biologically based but is based on the marriage contract in existence at the time of G.E.C.'s birth. Thus, the Registrar is legally required to provide equal protection to same sex couples seeking to amend a birth certificate, under Obergefell and Robicheaux.[29]
As evidenced by the testimony of the Registrar, there was no disparate application of the procedure used by Vital Records to amend the birth certificate. The Registrar testified he extended the same benefits of marriage, i.e., the presumption that the spouse of the birth mother is *1082 also the parent of the child, regardless of biological relation. We find no merit to Ms. Chaisson's argument that the trial court committed error in dismissing her writ of mandamus because the law was not applied equally to married couples, regardless of sexual orientation.
Alternative Writ Peremptory
Ms. Chaisson's final assignment of error contends the trial court committed legal error in denying her writ of mandamus and failing to make the alternative writ peremptory when the Registrar failed to personally appear at the first hearing.
La. C.C.P. art. 3865 provides that once a mandamus is filed, the trial court must either "order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary." The order setting the writ of mandamus for hearing in the trial court below orders the Registrar "to appear and show cause why he should not be compelled to restore the birth certificate of G.E.C. to its original form and content and strike the altered and amended birth certificate and further ordered than an alternative writ issue, directing the Registrar to restore the birth certificate of G.E.C. to its original form and strike the altered and amended birth certificate." At the March 6, 2017 hearing, the Registrar only made an appearance through counsel of record. Admittedly, the Registrar waived service of that pleading.
Ms. Chaisson argues that the trial court is required to issue an alternative writ ordering the official to restore the original birth certificate, or to appear and show cause at the initial hearing as to why the writ should not be made peremptory. The writ is either peremptory or alternative. The Registrar argues that he properly appeared through counsel at the first hearing to demonstrate the birth certificate was legally amended and he was not personally subpoenaed to testify. Though the Registrar waived formal service of the writ, nothing in the order setting the writ of mandamus for hearing commanded him to testify at the hearing.
In Wolfe v. Atkins, the trial court denied the plaintiffs petition for writ of mandamus and also failed to issue an alternative writ and set the matter for hearing, denying it ex parte .[30] This Court reversed, finding the trial court violated La. C.C.P. art. 3865 by denying the motion ex parte and in failing to set the matter for hearing.[31] In Naquin v. Iberia Par. Sch. Bd., the appellate court found that "the trial court is under a mandatory duty to issue the writ of alternative mandamus, which is the nature of a rule to show cause why the peremptory writ of mandamus should not issue ...."[32] In the case subjudice, the trial court set the mandamus for hearing but declined to grant it. La. C.C.P. art. 3866 provides, "[a]fter the hearing, the court may render judgment making the writ peremptory." The use of the permissive word "may" indicates the trial court is given discretion in deciding whether or not to make the writ peremptory once a hearing is held. No testimony was allowed at the initial mandamus hearing. However, the trial court granted Ms. Chaisson's motion for new trial on that basis, allowing testimony from both the Registrar and Ms. Chaisson's witnesses. After the hearing, the trial court dismissed the writ of mandamus. The trial court found that since the Registrar appeared through counsel of record and was not subpoenaed to provide testimony at the initial hearing, it was not required to make *1083 the alternative writ peremptory based on the Registrar's failure to attend.
In addition, an appellate court will look at the totality of the record when performing a harmless error review.[33] In looking at the totality of the record to determine whether the error was harmless, this Court has previously stated:
[T]he cumulation of trial judge errors in evidentiary rulings, coupled with other improper circumstances occurring at trial, may be so prejudicial as to deprive the parties of a fair trial, and thus may constitute reversible error, even if none of the errors considered alone would be sufficient to rise to the level of reversible error.[34]
We find the trial court's failure to make the alternative writ peremptory at the first hearing after the Registrar failed to make a personal appearance is harmless error. The trial court corrected any error that may have existed by granting Ms. Chaisson's motion for new trial. Thus, we find no merit to this assignment of error.
Conclusion
This Court finds no merit to Ms. Chaisson's assignments of error. The Registrar testified as to the established procedure his office uses when a married couple seeks to amend a birth certificate of a child born during the marriage. This Court likewise finds no error with the trial court's finding that the Registrar consistently applied the same procedure to amend a birth certificate of a child born to a married couple, regardless of sexual orientation. Factual evidence demonstrated that the parties were treated equally and this Court does not find that the trial court committed manifest error in determining that the procedure used for same sex married couples and opposite sex married couples were equal. Therefore, we find no error by the trial court in dismissing the writ of mandamus. Finally, this Court finds no error in the trial court's decision to deny the request to make the alternative writ peremptory based on the Registrar's failure to make a personal appearance at the hearing. The Registrar appeared through counsel of record and was not subpoenaed to testify. Further, the trial court corrected any error that may have existed by granting Ms. Chaisson's motion for new trial to allow testimony at the second mandamus hearing. Therefore, we find no error by the trial court in declining to make the writ peremptory. Accordingly, we affirm the judgment of the trial court.
AFFIRMED

The child's initials are used to protect their identity pursuant to Uniform Rules-Courts of Appeal, Rules 5-1, 5 -2.

Devin Dewaine George, hereinafter "Registrar", is the State Registrar of Louisiana Vital Records. His office, the Office of Vital Records, shall hereinafter be referred to as "Vital Records."

Ms. Nelson applied for an amended birth certificate on February 13, 2017.

Ms. Chaisson's argument was made based upon La. C.C.P. art. 3866.

Constr. Diva, L.L.C. v. New Orleans Aviation Bd. , 2016-0566, p.13 (La.App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037, writ denied , 2017-0083 (La. 2/24/17), 216 So.3d 59.

Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans , 2000-1146, p.3 (La. App. 4 Cir. 10/3/01), 798 So.2d 1167, 1171.

St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co. , 2016-0907, p.4 (La.App. 4 Cir. 4/5/17), 220 So.3d 6, 10, writ denied sub nom. St. Bernard Port, Harbor & Terminal Dist. v. Got Hopkins Constr. Co. , 2017-0746 (La. 9/15/17), 225 So.3d 1088 (citing Hess v. M & C, Inc., 14-962, p. 3 (La. App. 3 Cir. 2/11/15), 157 So.3d 1200, 1203 ) ).

Constr. Diva, L.L.C. , 206 So.3d at 1037.

Constr. Diva, L.L.C. , 206 So.3d at 1037 (quoting Landis Const. Co., LLC v. Reg'l Transit Auth. , 15-0854, p. 10 (La.App. 4 Cir. 5/25/16), 195 So.3d 598, 605 ) ).

Id.

Grishman v. Smith , 2015-0653, p.7 (La. App. 4 Cir. 9/28/16), 202 So.3d 1036, 1040.

Obergefell v. Hodges , --- U.S. ----, 135 S.Ct. 2584, 2604-05, 192 L.Ed.2d 609 (2015).

Robicheaux v. Caldwell , No. CIV.A. 13-5090, 2015 WL 4090353, at *2 (E.D. La. July 2, 2015).

Grishman, 202 So.3d at 1040.

Obergefell v. Hodges , --- U.S. ----, 135 S.Ct. 2584, 2604-05, 192 L.Ed. 2d 609 (2015).

Id.

Robicheaux v. Caldwell , No. CIV.A. 13-5090, 2015 WL 4090353, at *2 (E.D. La. July 2, 2015).

--- U.S. ----, 137 S.Ct. 2075, 2077, 198 L.Ed. 2d 636 (2017).

Id.

Id.

Id.

Id.

Supra .

Id.

Id. (citing Obergefell v. Hodges, --- U.S. ----, 135 S.Ct. 2584, 2601, 192 L.Ed.2d 609 (2015) ).

Id.

Pavan v. Smith , --- U.S. ----, 137 S.Ct. 2075, 2078-79, 198 L.Ed. 2d 636 (2017).

Id.

Supra .

2011-1481, pp., 1-2 (La.App. 4 Cir. 4/18/12), 90 So.3d 1214.

Id.

157 So.2d 287, 289 (La. Ct. App. 1963).

Levy v. Lewis , 2016-0551, p.19 (La.App. 4 Cir. 5/17/17), 219 So.3d 1150, 1162, reh'g denied (May 30, 2017), writ denied , 2017-01228 (La. 10/27/17), 228 So.3d 1230, and writ denied , 2017-1171 (La. 10/27/17), 228 So.3d 1231, and writ denied , 2017-1119 (La. 10/27/17), 228 So.3d 1232.

Fromenthal v. Delta Wells Surveyors, Inc. , 1998-1525, p.4 (La.App. 4 Cir. 10/4/00), 776 So.2d 1, 4, writ denied , 2001-0177 (La. 3/16/01), 787 So.2d 317 (quoting Dixon v. Winn-Dixie Louisiana, Inc. , 93-1627 (La.App. 4 Cir. 5/17/94), 638 So.2d 306, 312 ) ).