GASKINS, Judge.
In this matter involving a judicial sale and the proper distribution of its proceeds, Bank One appeals from a trial court judgment ranking another creditor’s money judgment above its mortgage. For the reasons assigned below, we reverse.
FACTS
O’Neal’s Feeders Supply, Inc., obtained a money judgment against H.H. Lacobee, the husband of Peggy E. Perot Lacobee, which was signed on November 6, 1990, and recorded in the mortgage records of Webster Parish on November 7, 1990. However, the inscription was marked “can-celled” on December 28, 1992. The “can-celled” stamp was later stricken out by hand and the following handwritten notation was made, “Reinscribed this 13th day of May, 1997. Judgment cancelled thru inadvertence. Winifred B. Brinkley, Clerk of Court.”
In 1995, Mr. and Mrs. Lacobee granted a $750,000 collateral mortgage to Homer National Bank, a corporate predecessor to Bank One. This mortgage was recorded in the mortgage records of Webster Parish on July 12, 1995. At this time, Bank One’s predecessor obtained from the clerk of court a mortgage certificate reflecting no other mortgages, liens or privileges standing of record in the name of the Lacobees.
On March 20, 2000, O’Neal filed a petition to revive its judgment; however, nothing was filed in the mortgage records to reflect this.
On November 20, 2000, Bank One instituted executory proceedings against Mrs. Lacobee and her late husband’s unopened succession. A mortgage certificate prepared in connection with the foreclosure | ¡.proceedings reflected that the O’Neal judgment outranked the Bank One mortgage. In February 2001, Bank One filed a motion for a rule to rank its mortgage against the competing judicial mortgage held by O’Neal’s Feeders Supply, Inc., arguing that the O’Neal judgment had not been properly reinscribed.
*166 The rule was tried in March 2001. The only evidence presented was the deposition of Sueletha Frazier, the present clerk of court, and the affidavit of a Bank One officer which established the amount of the debt owed to Bank One. In written reasons, the trial court ruled that it would be unfair to allow Bank One to “leap frog” in front of the O’Neal judgment based upon an inadvertent error by the clerk. It also found that by filing to revive the judgment, O’Neal had taken adequate steps to prevent its judgment from prescribing. Thus, the court ruled that O’Neal had interrupted prescription on its original judgment and would have a superior ranking to Bank One “when and if’ it obtained a judgment reviving its original judgment.[1]
The record indicates that at a sheriffs sale in May 2001, the mortgaged property was adjudicated to a third party for a price insufficient to satisfy both the O’Neal judgment and the Bank One mortgage. A sum of $33,332.19, the amount due on the O’Neal judgment as of the date of the sheriffs sale, was apparently withheld from the sales proceeds.
13Bank One appeals the trial court’s ranking of its mortgage as inferior to the O’Neal judgment.
LAW
The issues of the validity of a judgment itself as affected by prescription and the validity of a judicial mortgage as determined by the requirements regarding rein-scription are clearly separated into two distinct areas by the applicable provisions of the Civil Code, Code of Civil Procedure, and jurisprudence. These two issues are governed by separate provisions of law and different consequences result from the laws governing each. Mouton v. Watson, 500 So.2d 792 (La.App. 1st Cir.1986).

Revival of judgment

A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final. La. C.C. art. 3501. A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered. La. C.C.P. art. 2031.

_[¿Reinscription

The articles regulating reinscription of judicial mortgages are found in the portion of the Civil Code addressing mortgages.[2] The effect of recordation of a judgment creating a judicial mortgage ceases ten years after the date of the judgment. La. C.C. art. 3330. A person may reinscribe a recorded document creating a mortgage or evidencing a privilege by filing with a recorder a signed, written notice of rein-scription. The notice shall state the name of the mortgagor or obligor of the privilege as it appears in the recorded document and recordation number or other appropriate recordation information of the document or of a prior notice of reinscription, *167 and shall declare that the document is reinscribed. La. C.C. art. 3333. A notice of reinscription that is filed before the effect of recordation ceases continues that effect for ten years from the day the notice is filed. La. C.C. art. 3334.
A notice of reinscription that is filed after the effect of recordation ceases produces the effects of recordation, but only from the day the notice is filed. La. C.C. art. 3335. Comment (b) to this article states:
This Article applies also to judicial mortgages. The failure to reinscribe a judicial mortgage within ten years of its date causes the effect of registry to cease. R.S. 9:5502, adopted with this revision clarifies a common misunderstanding as to the relationship between the recordation and reinscription of a judgment, and judgment of revival obtained pursuant to Article 3334. A notice of reinscription continues the effect of registry of the judgment. A judgment 1 ¡^prescribes if a suit to revive it is not filed within ten years of its date and a judgment reviving it obtained in due course. If the judgment is not rein-scribed, the effect of registry ceases whether or not prescription is interrupted by a judgment of revival. If the judgment is reinscribed, the mortgage nevertheless becomes unenforceable if the judgment prescribes. R.S. 9:5502 codifies these principles by providing that the filing of a notice of reinscription pursuant to Article 3334 continues the effect of the mortgage without the necessity of filing a judgment reviving the original judgment. Conversely, Paragraph B of R.S. 9:5502 permits the recorder to cancel the inscription from his records upon the request of any party if the request is accompanied by a certificate from the clerk of the court rendering the judgment that no suit has been filed of its revival within the time required by Civil Code Article 3501 or by a judgment of that court rejecting the demands of the plaintiff in a suit to revive it.
The method of reinscription provided in La. C.C. arts. 3333 to 3335 is exclusive. Neither an amendment of a document creating a mortgage or evidencing a privilege nor an acknowledgement of the existence of a mortgage or privilege by the mortgagor or the obligor constitutes a reinscription of the document. La. C.C. art. 3336. In relevant part, Comment (b) to La. C.C. art. 3336 specifies that the present rule for reinscription requires that “there be an express notice that reinscription is sought, which is then effected when that notice is filed.”
As mentioned above, La. R.S. 9:5502 addresses the effect of revival of judgment upon reinscription and cancellation for failure to revive:
A. The filing of a notice of reinscription of a judicial mortgage pursuant to the provisions of Civil Code Article 3334 continues the effect of the mortgage without the necessity of filing a judgment reviving the original judgment creating the mortgage.
B. The recorder shall cancel and erase from his records a judicial mortgage created by the filing of a judgment of a court of this state that has been rein-scribed, upon the written request of any person to which is attached a certificate from the clerk of the court rendering the judgment that no suit has been filed for its revival within the time required by Article 3501 of the Civil Code or of a certified copy of a | (¡final judgment of the court rejecting the demands of the plaintiff in a suit to revive the judgment.
DISCUSSION
As noted previously, the O’Neal judgment was signed on November 6, 1990. *168 Consequently, as a money judgment, it was not susceptible of prescribing under La. C.C. art. 3501 until November 6, 2000. In March 2000, a petition to revive the judgment under La. C.C.P. art. 2031 was timely filed and interrupted prescription. However, no notice of reinscription under La. C.C. art. 3334 was filed in the mortgage records pursuant to La. R.S. 9:5502.
Initially, the O’Neal judgment was properly inscribed as a judicial mortgage in the Webster Parish mortgage records on November 7, 1990. Thus, under La. C.C. art. 3330, the effect of its recordation would have lasted until November 6, 2000, ten years after the date of the judgment. The clerk of court incorrectly cancelled the judicial mortgage on December 28, 1992. On May 13, 1997, the clerk attempted to rectify its error by marking out the cancellation stamp and writing “reinscribed” on the O’Neal judgment. At best, the clerk’s action can only be construed as reestablishing the inscription of the O’Neal judgment for the remaining portion of the original time period, or from May 13, 1997 through November 6, 2000.[3] Since the proper — and exclusive — method of rein-scription set forth in the Civil Code was never followed by O’Neal, its judicial mortgage was not reinscribed. Thus, at the time Bank One filed its executory proceedings on |7its mortgage on November 20, 2000, the effect of the original inscription of the O’Neal judgment had lapsed and it had not been validly reinscribed.
While the trial court tried to resolve this matter with an equitable solution to prevent what it perceived as an unfair result, we find that the provisions of the law dealing with reinscription are clear. O’Neal’s failure to comply with them in this case mandates that we reverse the trial court judgment ranking the O’Neal judgment as superior to the Bank One mortgage.
CONCLUSION
The judgment of the trial court ranking the O’Neal judgment ahead of the Bank One mortgage is'reversed. Costs of this appeal are assessed against the appellee, O’Neal’s Feeders Supply, Inc.
REVERSED.

. O’Neal asserts in brief that a judgment in its favor was rendered in its suit to revive on September 7, 2001.

. The reinscription articles were revised in Acts 1992, No. 1132, which specified that the procedure for reinscription of mortgages and privileges "shall be effective as to all requests for reinscription filed on or after the effective date of this Act,” which was January 1, 1993. The act also stated that the time for reinscription of mortgages and privileges created before January 1, 1993 "shall continue to be regulated by the laws in existence before January 1, 1993.” However, the time within which reinscription is required is not an issue in the present case. Thus, the fact that the O'Neal judgment predates the revision of these articles poses no problem.

. Bank One acknowledges that until early November 2000, O'Neal had first ranking despite the clerk's erroneous cancellation.