GRAVOIS, J.
Plaintiff/appellant, Regions Bank ("Regions"), appeals a trial court judgment rendered on September 29, 2017 and amended on June 29, 2018, which granted a Supplemental Exception of No Right and No Cause of Action filed by defendant, Michelle M. Cooper Keys ("Michelle"), in this foreclosure proceeding. Regions also appeals the denial in said judgment, as amended, of its Motion for Summary Judgment against co-defendant, Jeffery W. Keys ("Jeffery").[1] For the following reasons, we reverse the judgment insofar as it grants Michelle's Supplemental Exception of No Right and No Cause of Action, vacate the judgment insofar as it denies Regions' Motion for Summary Judgment against Jeffery, and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
In October of 2016, Regions filed a Petition for Foreclosure by Ordinary Process against defendants, Michelle M. Cooper *1268 Keys, divorced wife of/and Jeffery W. Keys, alleging that defendants were in default on a promissory note to Regions, dated in 2003, which was secured by a Home Equity Mortgage in favor of Regions, also dated in 2003, which was recorded in the mortgage records of St. John the Baptist Parish.[2] The petition prayed for a monetary judgment against defendants for the principal balance remaining due on the promissory note secured by the mortgage, plus accrued interest and accumulated late charges, and other expenses and costs, and reasonable attorney's fees, as well as for the seizure and sale of the subject immovable property encumbered by the mortgage in order to satisfy the debt owed to Regions. Various attachments to the petition included the promissory note, the mortgage, and a Notice of Reinscription of the mortgage which had been filed in the mortgage records of St. John the Baptist Parish in 2013.
Because service could not be made upon defendants, a curator was appointed to represent them. The curator filed answers to the petition on behalf of defendants, generally denying the allegations of the petition. Michelle later retained counsel who filed an Exception of No Right and No Cause of Action and Answer to the Petition, alleging that the debt in question had been discharged in the bankruptcy court for the Eastern District of Louisiana on October 17, 2013. The pleading further claimed that there had been no "re-acclamation" of the loan with Regions and the Home Equity Mortgage.
In response, Regions filed an Opposition to Michelle's Exception, and later filed a Motion for Summary Judgment against co-defendant Jeffery, arguing that there remained no genuine issues as to any material facts concerning its claims against Jeffery, and that it was entitled to judgment against him as a matter of law, given that the pleadings, including the attachments to the original petition, established the essential facts that Jeffery was a maker of the promissory note in favor of Regions, that Jeffery was in default on the note, and that the note was secured by the duly recorded and reinscribed mortgage in favor of Regions.[3]
Before Michelle's Exception and Regions' Motion for Summary Judgment against Jeffery were heard, Michelle filed a Supplemental Exception of No Right and No Cause of Action, arguing that the Notice of Reinscription of the mortgage in 2013, which was attached to Regions' petition, failed to comply with La. C.C. art. 3362, and thus served to defeat Regions' right to enforce the mortgage against her. Regions filed an Opposition to the Supplemental Exception. On August 11, 2017, the trial court conducted a hearing on the Supplemental Exception and on Regions' Motion for Summary Judgment against Jeffery, taking the matters under advisement at the conclusion thereof, after which Regions filed a post-trial brief.
On September 29, 2017, the trial court rendered judgment granting Michelle's Supplemental Exception, finding that the mortgage's reinscription did not comply with La. C.C. art. 3362, and ordering that the mortgage be cancelled from the public records of St. John the Baptist Parish due to lack of reinscription.[4] Correspondingly, *1269 for the same reasons, the trial court also denied Regions' Motion for Summary Judgment against Jeffery. This timely suspensive appeal by Regions followed.
A review of the September 29, 2017 judgment by this Court revealed that it lacked the necessary decretal language to invoke this Court's appellate jurisdiction. On June 25, 2018, this Court ordered the trial court to amend its judgment to include the appropriate and necessary decretal language. In an Amended Judgment signed on June 29, 2018, the trial court satisfied this Court's June 25, 2018 Order by dismissing all of Regions' claims against Michelle.
On appeal, Regions argues that the judgment granting the Supplemental Exception of No Right and No Cause of Action should be reversed because Regions' reinscription of the mortgage complied with La. C.C. art. 3362. Regions also argues that because the reinscription was legal and proper, summary judgment should have been granted in its favor and against Jeffery; it thus also seeks this Court's reversal of the trial court's denial of its Motion for Summary Judgment as to Jeffery.[5]
ANALYSIS
In Executone Sys. Co. of La. v. Jefferson Parish Hosp. Serv. Dist. No. 2 for the Parish of Jefferson , 15-569 (La. App. 5 Cir. 2/24/16), 186 So.3d 1210, 1215, writ denied , 16-0569 (La. 5/13/16), 191 So.3d 1059, this Court set forth the guiding legal principles regarding the exception of no cause of action, to-wit:
For the purpose of the peremptory exception of no cause of action, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert an action against the defendant. Scheffler v. Adams and Reese, LLP , 06-1774 (La. 2/22/07), 950 So.2d 641, 646 ; Everything on Wheels Subaru, Inc. v. Subaru South, Inc. , 616 So.2d 1234, 1238 (La. 1993). The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Id. The exception is triable on the face of the pleadings, and for purposes of resolving the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. Scheffler , 950 So.2d at 646 ; City of New Orleans v. Board of Commissioners of the Orleans Levee District , 93-0690 (La. 7/5/94), 640 So.2d 237, 253. Because the exception of no cause of action raises a question of law and the lower court's decision is generally based only on the sufficiency of the petition, review of the lower court's ruling on an exception of no cause of action is de novo . Scheffler , 950 So.2d at 647. Generally, no evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931.
(Emphasis by underlining in original.)
In contrast, the exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons with a legal interest in the subject matter of the litigation. La. Capital Assistance Ctr. v. Dinvaut , 16-383 (La. App. 5 Cir. 12/7/16), 207 So.3d 1187, 1192, citing Badeaux v. Southwest Computer Bureau, Inc. , 05-612 c/w 05-719 (La. 3/17/06), 929 So.2d 1211, 1217. An exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. Id. , citing *1270 Marks v. Third Dist. Volunteer Fire Dep't , 13-383 (La. App. 5 Cir. 12/30/13), 131 So.3d 1099, 1101, writ denied , 14-88 (La. 3/14/14), 135 So.3d 606. Accordingly, it is clear that the exceptions of no right of action and no cause of action are not interchangeable; they serve completely different functions.
The trial court stated that the basis of its ruling was that the mortgage reinscription failed to comply with La. C.C. art. 3362, which provides:
A person may reinscribe a recorded instrument creating a mortgage or pledge or evidencing a privilege by recording a signed written notice of reinscription. The notice shall state the name of the mortgagor or pledgor, or the name of the obligor of the debt secured by the privilege, as it appears in the recorded instrument, as well as the registry number or other appropriate recordation information of the instrument or of a prior notice of reinscription, and shall declare that the instrument is reinscribed.
The trial court specifically found that the notice of reinscription in question failed to comply with Article 3362 because it failed to include the "mandatory declaration" that "the instrument is reinscribed." It is apparent from the record that the trial court did not distinguish between the two exceptions when it granted judgment in favor of Michelle and Jeffery and against Regions, but rather apparently only ruled on the exception of no cause of action based on its review of the petition and the attachments thereto. In any event, it is apparent from the record that the exception of no right of action was without merit, as the attachments to the petition, as well as the factual allegations pleaded therein, establish that Regions, as the holder of the promissory note secured by the mortgage, had a legal interest in the subject matter of the suit and thus had the legal right to sue Michelle and Jeffery as the makers of the note and the mortgage.
Upon de novo review of the petition and the attachments thereto, particularly the Notice of Reinscription, we find that Regions has indeed stated a cause of action for foreclosure by ordinary process against Michelle and Jeffery. Specifically, as required by Article 3362, the Notice of Reinscription states the names of the mortgagors or pledgors, or obligors of the debt secured by the privilege as they appear in the recorded instrument ("Jeffery W. Keys and Michelle M. Cooper Keys"), as well as the registry number or other appropriate recordation of the instrument ("File No. 241983"), as well as a declaration that the instrument is reinscribed ("This notice given in order to reinscribe Collateral Mortgage dated 12-12-03 ..."). Article 3362 does not require specific words or phraseology. We thus find as a matter of law that the declaration of reinscription found in the Notice of Reinscription sufficiently complies with the requirements of La. C.C. art. 3362. The language used in the Notice of Reinscription clearly conveys the purpose of the Notice in plain language, which was to reinscribe the specific subject mortgage in the public records of St. John the Baptist Parish.
The trial court also found that the Notice of Reinscription was defective because it referenced the original document as a "Collateral Mortgage," rather than the so-named "Home Equity Mortgage" executed by Michelle and Jeffery. However, we find that the plain language of Article 3362 does not contain the requirement that the mortgage described in the notice of reinscription be referred to by exactly the same title found in the original recordation. It only requires that the specific requirements noted above be fulfilled, which the Notice of Reinscription did in this case.
In its judgment, the trial court stated that "Louisiana jurisprudence has determined a mortgage reinscription to be of no *1271 effect after failure to comply with the proper and exclusive method of reinscription," citing Bank One Louisiana v. Lacobee , 35,540 (La. App. 2 Cir. 2/27/02), 811 So.2d 164.[6] This statement of law is correct, however, Lacobee itself is not instructive herein. That case concerned a judicial sale and the distribution of the proceeds that were insufficient to satisfy all of the creditors. In Lacobee , Bank One appealed after its mortgage was ranked inferior to the "O'Neal" judgment. The facts showed that after the O'Neal judgment was duly recorded (creating a judicial mortgage), it was incorrectly cancelled by the Clerk of Court. Five years after its mistake, the Clerk of Court attempted to rectify its earlier erroneous cancellation by marking out the cancellation stamp and writing "reinscribed" on the judgment, which method clearly did not comply with Articles 3333-3336. The trial court attempted to resolve the matter equitably by ranking the "reinscribed" judgment ahead of Bank One's mortgage. The court of appeal, however, finding that the O'Neal judgment had not been reinscribed following the exclusive method of reinscription found in Articles 3333-3336, reversed the trial court and declared the "reinscribed" judgment inferior to a privilege held by Bank One.
Thus, we find that the trial court erred in granting the Supplemental Exception of No Right and No Cause of Action. The judgment is accordingly reversed in this regard and the matter is remanded for further proceedings.
Regarding the denial of Regions' Motion for Summary Judgment against Jeffery, the trial court stated that it was denying the motion not on the merits argued by Regions, but only as a result of the supposedly defective reinscription document. It is thus obvious from the record that the trial court pretermitted addressing the merits of Regions' Motion for Summary Judgment against Jeffery. We accordingly vacate the trial court judgment insofar as it denies Regions' Motion for Summary Judgment against Jeffery. On remand, the trial court is instructed to address the merits of Regions' Motion for Summary Judgment against Jeffery.
CONCLUSION
For the foregoing reasons, the trial court's September 27, 2017 judgment, as amended on June 29, 2018, is reversed insofar as it grants Michelle's Supplemental Exception of No Right and No Cause of Action, and is vacated insofar as it denies Regions' Motion for Summary Judgment against Jeffery. The matter is remanded for further proceedings.
REVERSED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS

Co-defendant's name is spelled interchangeably as "Jeffrey" and "Jeffery" in the record.

The petition alleged that the original principal amount of the note was $119,000.00, but at the time of default in July of 2013, the principal amount due was close to $51,000.00.

The record reflects that Jeffery was represented by the curator at the time the motion for summary judgment was filed, but the curator was released from his duties as curator, possibly improvidently, before the motion for summary judgment was heard.

It does not appear from the record that Michelle's original Exception of No Right and No Cause of Action was ever ruled upon.

No appellee briefs have been filed in this matter.

This case interpreted La. C.C. arts. 3333 -3336, which were repealed by Acts 2005, No. 169, effective July 1, 2006, the same act that enacted La. C.C. art. 3362, which is considered herein.