THE LOUISIANA DEPARTMENT OF
WILDLIFE AND FISHERIES, ET AL.

VERSUS

BP OIL PIPELINE COMPANY, ET AL.

NO. 24-C-275

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 848-368, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

November 20, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED; RULING ON EXCEPTIONS REVERSED;**
**EXCEPTIONS GRANTED; REMANDED WITH INSTRUCTIONS**
    **JGG**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
THE LOUISIANA DEPARTMENT OF WILDLIFE AND FISHERIES, ET AL.

> Antonio M. Clayton
> D'Ann R. Penner
> Ulysses Gene Thibodeaux
> Bernard E. Boudreaux, Jr.
> James R. Swanson
> Harvey S. Bartlett, III
> Lance C. McCardle
> Isabel Englehart
> Gladstone N. Jones, III
> Michael P. Arata
> Kevin E. Huddell
> John T. Arnold
> T. Taylor Townsend

COUNSEL FOR DEFENDANT/RELATOR,
BP OIL PIPELINE COMPANY

> George I. Arceneaux, III
> Court C. VanTassel
> John S. Troutman
> Randee V. Iles
> William J. Heaton
> Kelly B. Becker
> Mark R. Deethardt
> Laura S. Brown
> Denice Redd-Robinette

COUNSEL FOR DEFENDANT/RELATOR,
CHEVRON PIPE LINE COMPANY

> Michael R. Phillips
> Claire E. Juneau
> Anne C. Lemelin
> Vicki  A. Elmer
> Charles S. McCowan, III
> Pamela R. Mascari
> Eric J. Mayer
> Alexandra White
> Johnny W. Carter
> Laranda M. Walker
> Hayden Q. Hawkins

COUNSEL FOR DEFENDANT/RELATOR,
PLAINS PIPELINE, LP

> Carl D. Rosenblum
> Alida C. Hainkel
> Lauren C. Mastio
> Michael A. Chernekoff

COUNSEL FOR DEFENDANT/RELATOR,
ARROWHEAD GULF COAST PIPELINE LLC

Craig Isenberg
Kyle W. Siegel
Alexandra L. Gjertson

**GRAVOIS, J.**

BP Oil Pipeline Company, Chevron Pipe Line Company, Arrowhead Gulf Coast Pipeline, LLC, and Plains Pipeline, LP (referred to herein collectively as "defendants" or "relators"), seek this Court's supervisory review of the trial court's May 23, 2024 judgment which overruled (denied) defendants' dilatory exceptions of lack of procedural capacity, relative to plaintiffs' claims for damages and injunctive relief against defendants. For the following reasons, on the showing made, we grant the writ application, reverse the trial court's judgment which overruled (denied) the exceptions of lack of procedural capacity pled by defendants, and grant the exceptions. We further remand the matter to the trial court with instructions to allow plaintiffs an opportunity to further amend their petition, if they can, to remove the grounds of the objections.

## FACTS AND PROCEDURAL BACKGROUND

The Louisiana Department of Wildlife and Fisheries (the "LDWF"), suing on its own behalf, on behalf of the Louisiana Wildlife and Fisheries Commission (the "Commission"), and on behalf of the State of Louisiana as public trustee of the Elmer's Island Wildlife Refuge (referred to herein collectively as "plaintiffs" or "respondents"), asserted in their original and amended petitions for damages and injunctive relief, that LDWF oversees conservation and management of over 800,000 acres of public lands in the State's coastal zone, which provide quality habitats for fish and game, and offer opportunities for public use and enjoyment. Defendants/relators are oil and gas pipeline companies and/or their successors in interest who, according to their original and amended petitions, entered into rights-of-way agreements (ROWs) with plaintiffs' predecessors in interest, the previous owners of the Elmer's Island Wildlife Refuge, a wetlands area in lower Jefferson Parish, in the 1950s and 1960s to build buried oil and gas pipelines and the access canals over the pipelines. Plaintiffs allege in this suit that defendants breached the

ROWs in multiple ways, in particular that they knew that without protective safeguards and regular maintenance, the canals would widen and severe loss of land would result. Instead of implementing regular maintenance of the canals, the defendant pipeline companies allegedly undertook no significant measures to prevent or lessen the resulting loss of surrounding lands. By failing to institute regular maintenance, the petitions allege the pipeline companies' wrongful conduct has led to the erosion and subsidence of land, causing major land loss, financial losses, and losses of economic opportunities to plaintiffs.

In their exceptions of lack of procedural capacity, defendants asserted that the LDWF, which asserted these claims not only on its own behalf, but also in a representative capacity "on behalf of" the State of Louisiana, is a distinct legal entity with separate juridical capacity to sue it its own name, but is not interchangeable with the State of Louisiana for litigation purposes. Hence, defendants argue that the LDWF cannot step into the shoes of and represent the State of Louisiana in this litigation. Defendants further asserted in their exceptions that plaintiffs must be represented by the Louisiana Attorney General, citing the mandatory language of La. R.S. 49:257(A).

Following a hearing held on April 17, 2024, the trial court overruled (denied) the exceptions of lack of procedural capacity. A written judgment to this effect was signed on May 23, 2024.[1]

In their writ application, relators argue: 1) the trial court erred in finding that the LDWF has procedural capacity to assert claims in this action "on behalf of" the State of Louisiana; and 2) the trial court erred in finding that plaintiffs have the procedural capacity to assert breach of contract and tort claims against relators

---

[1] The written judgment cited to the trial court's reasons for judgment orally assigned at the hearing. A transcript of that hearing was not included in this writ application.

despite not being represented by the Attorney General's Office, in accordance with the mandatory language of La. R.S. 49:257(A).

**ANALYSIS**

**FIRST ASSIGNMENT OF ERROR**

***Lack of Procedural Capacity – Authority to Sue in a Representative Capacity***

The dilatory exception of lack of procedural capacity challenges the authority of the plaintiff to institute suit. La. C.C.P. art. 926(A)(6). *Council of City of New Orleans v. Donation*, 23-01106 (La. 3/22/24), 382 So.3d 27, 31, *reh'g denied*, 23-01106 (La. 5/10/24), 384 So.3d 890. Ostensibly, this includes the authority of a plaintiff who appears in a purely representative capacity. Because the determination of whether the plaintiff has capacity to institute suit presents a question of law, we review it under the *de novo* standard of review. *Id.* Lack of capacity is not synonymous with no right of action. *Kennard v. St. James Par. Sch. Bd.*, 16-603 (La. App. 5 Cir. 4/12/17), 218 So.3d 680, 683. The burden of proof on an exception of lack of procedural capacity is on the party challenging the other party's competence. *Walcott v. La. Dept. of Health*, 20-611 (La. App. 1 Cir. 3/31/2022), 341 So.3d 696, 700.

La. C.C.P. art. 855 provides that the procedural capacity of a party to sue in a representative capacity is presumed unless challenged by the dilatory exception. La. C.C.P. art. 700 provides that when a plaintiff's qualification to sue as a legal representative is challenged via dilatory exception, "the plaintiff shall prove his authority or qualification on the trial of the exception."

Relators argue that even though in La. R.S. 36:602(A)[2] the Legislature designated the LDWF as a distinct legal body corporate "with the power to sue and be sued," such authority is not interchangeable with the State of Louisiana. This

---

[2] La. R.S. 36:602(A) provides, in pertinent part: "The Department of Wildlife and Fisheries is created and shall be a body corporate with the power to sue and be sued. …"

language, relators argue, is critical to the issue, because "it specifies that governmental units created under statute may be designated as legal entities distinct from the State for litigation purposes," citing *Canal/Claiborne Ltd. v. Stonehenge Dev. LLC*, 14-0664 (La. 12/9/14), 156 So.3d 627, 639. Thus, relators argue, the State must assert any claims it has on its own.

In response, the LDWF argues that it has more than one capacity; it has its private capacity, from which it asserts rights for various things like commercial matters, and it has representative capacity as the State's public trustee, from which it now seeks "to restore and preserve the corpus of the land it is charged with protecting." The LDWF argues that it is a "public trustee" of the Elmer's Island Wildlife Refuge and thus appears on behalf of the State. The LDWF argues that the public trust doctrine gives it the standing to sue not only on its own behalf, but also on behalf of the State, citing La. Const. Art. IX § 1,[3] which sets forth a public policy to protect Louisiana's natural resources.[4]

The LDWF argued to the trial court that recent courts have found that the Attorney General does not have *exclusive* authority to institute civil proceedings to assert the substantive rights of the State, citing *Parish of Plaquemines v. Total Petrochemical & Ref. USA, Inc.105*, 64 F.Supp.3d 872, 888 (E.D. La. 2014) and *Stutes v. Gulfport Energy Corp.*, 2017 WL 4286846 (W.D. La. 2017). However, those cases are distinguishable. In the former, the plaintiff, the Parish of Plaquemines, had a specific legislative grant of authority, in La. R.S. 49:214.36(D) of the Coastal Zone Management Laws, to assert the State's rights. Plaintiffs in

---

[3] La. Const. Art. IX § 1, entitled "Natural Resources and Environment; Public Policy," provides: "The natural resources of the state, including air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy."

[4] *See also State v. McHugh*, 630 So.2d 1259, 1265 (La. 1994) ("The state constitution establishes a public trust doctrine requiring the state to protect, conserve and replenish all natural resources, including the wildlife and fish of the state, for the benefit of its people. La. Const. 1974, Art. IX, §§ 1, 7.")

the instant case have not pointed to any such authority here. In *Stutes*, the Louisiana Attorney General had in fact intervened on behalf of intervenor-plaintiff, the State of Louisiana.

Upon *de novo* review, in light of the above, we conclude that while the public trust doctrine gives the LDWF procedural capacity to sue on its own behalf, the LDWF has not borne its burden of proof regarding its procedural capacity to sue on behalf of the State of Louisiana. Accordingly, the trial court erred in overruling (denying) the exceptions of lack of procedural capacity in this regard.

## SECOND ASSIGNMENT OF ERROR

### *Lack of Procedural Capacity – Requirement of Representation by the Attorney General*

Next, relators argue that even if the LDWF has the procedural capacity to sue on behalf of the State of Louisiana, which relators deny, the trial court erred in finding that plaintiffs had the procedural capacity to sue because the trial court ignored the mandatory language of La. R.S. 49:257(A), which states:

> A. Notwithstanding any other law to the contrary and in addition to any other powers, duties, or authority granted to the attorney general and the Department of Justice by the constitution and laws of the state, *the attorney general shall represent the state and all departments and agencies of state government in all litigation arising out of or involving tort or contract*.

(Emphasis added.)

It is clear that the provisions of La. R.S. 49:257(A) are mandatory, as it employs the word "shall." It appears undisputed that the LDWF and the Commission are departments or agencies of state government. Plaintiffs argue, however, that they have received the Attorney General's "concurrence" to file this lawsuit. However, a concurrence, asserted by another, on behalf of a nonparty to the suit, does not fulfill the mandatory requirement of La. R.S. 49:257(A).

Plaintiffs also argue that they are allowed to hire independent counsel for the purposes of this litigation, citing the provisions of La. R.S. 49:257(E), which provides:

> E. Nothing in this Section, in R.S. 49:258, and in Chapter 16-A of Title 39 of the Louisiana Revised Statutes of 1950 shall prohibit any department of state government from employing a general counsel and such other attorneys as may be necessary to provide legal consultation, representation, and such other legal services as are not provided for under such provisions of law. However, all private legal counsel shall be chosen only in accordance with the provisions of R.S. 49:258, and subject to the authority granted to the attorney general by Article IV, Section 8 of the Constitution of Louisiana.

Upon *de novo* review, we conclude that Subsection (E) of La. R.S. 49:257 does not supersede Subsection (A) thereof. Reading these two sections together, as we must, and in order to find an interpretation of the statute that effectuates both sections, it is clear that the State of Louisiana, and the LDWF and the Commission, as departments or agencies of state government, are required to be represented by the attorney general in tort or contract litigation.[5] Accordingly, the trial court also erred in overruling (denying) the exceptions of lack of procedural capacity in this regard.

## CONCLUSION

For the foregoing reasons, on the showing made, we conclude: 1) that the Louisiana Department of Wildlife and Fisheries has failed to meet its burden of proof relative to its authority to act on behalf of the State of Louisiana in this matter; and 2) that plaintiffs have failed to meet their burden of proof relative to their authority to act in this matter without the attorney general's representation as required by the mandatory language of La. R.S. 49:257(A). Further, in accordance with La. C.C.P. art. 933(B),[6] plaintiffs are allowed an opportunity to further amend

---

[5] This does not prohibit the attorney general from employing outside counsel to assist in handling this litigation, as has occurred here.

[6] La. C.C.P. art. 933(B) provides: "When the grounds of the other objections [*i.e.*, want of amicable demand and prematurity] pleaded in the dilatory exception may be removed by

their petition, if they can, to remove the grounds of the objections made in the exceptions of lack of procedural capacity.

## **DECREE**

For the following reasons, on the showing made, the writ application is granted, the trial court's May 23, 2024 judgment which overruled (denied) the exceptions of lack of procedural capacity pled by defendants are reversed, the exceptions are granted, and the matter is remanded to the trial court with instructions to allow plaintiffs an opportunity to further amend their petition, if they can, to remove the grounds of the objections made in the exceptions of lack of procedural capacity.

**WRIT GRANTED; RULING ON EXCEPTIONS REVERSED; EXCEPTIONS GRANTED; REMANDED WITH INSTRUCTIONS**

---

amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-C-275

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
HARVEY S. BARTLETT, III (RESPONDENT)
GEORGE I. ARCENEAUX, III (RELATOR)
MICHAEL R. PHILLIPS (RELATOR)

KEVIN E. HUDDELL (RESPONDENT)
KELLY B. BECKER (RELATOR)
LAUREN C. MASTIO (RELATOR)

LANCE C. MCCARDLE (RESPONDENT)
MARK R. DEETHARDT (RELATOR)
ALEXANDRA L. GJERTSON (RELATOR)

### MAILED

RANDEE V. ILES (RELATOR)
ATTORNEY AT LAW
1200 CAMELLIA BOUELVARD
SUITE 300
LAFAYETTE, LA 70508

ISABEL ENGLEHART (RESPONDENT)
JAMES R. SWANSON (RESPONDENT)
ATTORNEYS AT LAW
201 ST. CHARLES AVENUE
SUITE 4600
NEW ORLEANS, LA 70170

ANTONIO M. CLAYTON (RESPONDENT)
ULYSSES GENE THIBODEAUX
(RESPONDENT)
ATTORNEYS AT LAW
3741 LA HIGHWAY 1 SOUTH
PORT ALLEN, LA 70767

GLADSTONE N. JONES, III (RESPONDENT)
JOHN T. ARNOLD (RESPONDENT)
MICHAEL P. ARATA (RESPONDENT)
ATTORNEYS AT LAW
601 POYDRAS STREET
SUITE 2655
NEW ORLEANS, LA 70130

ANNE C. LEMELIN (RELATOR)
CLAIRE E. JUNEAU (RELATOR)
VICKI A. ELMER (RELATOR)
ATTORNEYS AT LAW
909 POYDRAS STREET
SUITE 3600
NEW ORLEANS, LA 70112

LAURA S. BROWN (RELATOR)
ATTORNEY AT LAW
701 POYDRAS STREET
SUITE 5000
NEW ORLEANS, LA 70139

COURT C. VANTASSEL (RELATOR)
JOHN S. TROUTMAN (RELATOR)
WILLIAM J. HEATON (RELATOR)
ATTORNEYS AT LAW
1200 CAMELLIA BOULEVARD
SUITE 300
LAFAYETTE, LA 70508

BERNARD E. BOUDREAUX, JR.
(RESPONDENT)
ATTORNEY AT LAW
301 MAIN STREET
SUITE 1920
BATON ROUGE, LA 70801

D'ANN R. PENNER (RESPONDENT)
ATTORNEY AT LAW
3741 LA. HIGHWAY 1 SOUTH
PORT ALLEN, LA 70767

ALEXANDRA WHITE (RELATOR)
ERIC J. MAYER (RELATOR)
HAYDEN Q. HAWKINS (RELATOR)
JOHNNY W. CARTER (RELATOR)
LARANDA M. WALKER (RELATOR)
ATTORNEYS AT LAW
SUSMAN GODFREY LLP
1000 LOUISIANA STREET
SUITE 5100
HOUSTON, TX 77002

ALIDA C. HAINKEL (RELATOR)
CARL D. ROSENBLUM (RELATOR)
ATTORNEYS AT LAW
201 SAINT CHARLES AVE
49TH FLOOR
NEW ORLEANS, LA 70170

T. TAYLOR TOWNSEND (RESPONDENT)
ATTORNEY AT LAW
320 SAINT DENIS STREET
NATCHITOCHES, LA 70458

DENICE REDD-ROBINETTE (RELATOR)
ATTORNEY AT LAW
450 LAUREL STREET
SUITE 1601
BATON ROUGE, LA 70801

CRAIG ISENBERG (RELATOR)
KYLE W. SIEGEL (RELATOR)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 2350
NEW ORLEANS, LA 70112

CHARLES S. MCCOWAN, III (RELATOR)
PAMELA R. MASCARI (RELATOR)
ATTORNEYS AT LAW
POST OFFICE BOX 3513
BATON ROUGE, LA 70821

MICHAEL A. CHERNEKOFF (RELATOR)
ATTORNEY AT LAW
JONES WALKER LLP
811 MAIN STREET
SUITE 2900
HOUSTON, TX 77002